The **HOME INDEMNITY COMPANY,**
Appellant,

v.

**Gordon R. PATE, Appellee.**

**No. 01–90–00071–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 1, 1991.

Rehearing Overruled Aug. 22, 1991.

Thomas A. Laucius, Gerald J. Goodwin, Houston, for appellant.

Gerald W. Eddins, Gordon R. Pate, Beaumont, for appellee.

Before MIRABAL, DUGGAN and O'CONNOR, JJ.

### OPINION

MIRABAL, Justice.

This is an appeal from a summary judgment in favor of a defendant in a suit by a worker's compensation insurance carrier to enforce a subrogation lien. We reverse and remand.

The Home Indemnity Company, appellant (Home Indemnity), was the worker's compensation carrier for Arthur Dooley & Sons, Inc., whose employee, Charles Riddle (the employee), was injured in the course and scope of his employment. Home Indemnity made payments to and for the benefit of the employee, in the amount of $37,748.49.

■■■ At the time of the events involved in this appeal, a worker's compensation insurance carrier's right to subrogation and reimbursement was governed by TEX.REV. CIV.STAT.ANN. art. 8307 (Vernon Pamph. 1991).[1] This statute allows an injured employee to proceed against a third party tortfeasor without precluding a claim against the employer's compensation carrier. *Watson v. Glens Falls Ins. Co.*, 505 S.W.2d 793, 795 (Tex.1974). However, the claimant is prevented from getting a double recovery because the carrier is entitled to recoupment of its claims to the extent of all the compensation paid. *Fort Worth Lloyds v. Haygood*, 151 Tex. 149, 153, 246 S.W.2d 865, 869 (1952). The carrier has a statutory right to reimbursement out of the first monies paid to an injured employee or his representatives by a third party tort-feasor, up to the amount of compensation paid, and can recover the amount from the employee or the third party tort-feasor. *Watson*, 505 S.W.2d at 795; *Fort Worth Lloyds*, 151 Tex. at 154, 246 S.W.2d at 870. One who accepts and "benefits" from at least a portion of the proceeds, while having actual notice of the compensation lien, does so wrongfully and is subject to a

**1.** Act of June 8, 1985, 69th Leg., R.S., ch. 326, § 1, 1985 Tex.Gen.Laws 1387, *repealed by* Act of December 11, 1989, 71st Leg., 2d. C.S., ch. 1, § 16.01(10), 1989 Tex.Gen.Laws 1, 114.

cause of action for conversion. *Prewitt and Sampson v. City of Dallas*, 713 S.W.2d 720, 722 (Tex.App.—Dallas 1986, writ ref'd n.r.e.) (attorney for injured employee held personally liable for conversion when settlement sums distributed without regard to subrogation lien; attorney presumably "benefitted" from at least a portion of the proceeds).

The employee, Charles Riddle, brought a third party action against Allied Chemical Corporation, alleging negligence that proximately caused his injuries. The cause of action, styled *Charles Thomas Riddle v. Allied Chemical Corporation*, was brought in the federal district court, Eastern District of Texas, Beaumont Division, as cause no. B–82–722–CA, (hereinafter referred to as *Riddle.*). Appellee Gordon R. Pate (Pate) was the attorney representing defendant Allied Chemical Corporation in that cause of action.

Home Indemnity appeared before the federal district court on November 29, 1984, the day of trial, and attempted to file a petition in intervention asserting its right to reimbursement for the sums Home Indemnity had paid the employee. The court, because no leave to file had been requested or granted, directed the court clerk to remove the petition from the file and return it to counsel for Home Indemnity. Home Indemnity then filed a motion for leave to file a petition in intervention. Finding the petition not timely filed, the court denied leave to file the petition. The employee and Allied Chemical settled the lawsuit, without accounting for Home Indemnity's claim, and an agreed judgment was entered that ordered Home Indemnity "have and recover nothing by way of any intervention or subrogation interest." Home Indemnity did not appeal the judgment of the federal court, but filed a suit for subrogation in state court, naming as defendants the employee, Allied Chemical Corporation, Gordon Pate, and his law firm who represented Allied Chemical in the federal district court law suit.

After discovery was conducted in the state court suit, Pate filed a motion for summary judgment, stating as grounds that (1) the federal court judgment specifically denied Home Indemnity any recovery, and Home Indemnity was therefore barred from recovery by the doctrines of res judicata and collateral estoppel, and (2) Pate cannot be held liable because at all times Pate acted in good faith and in reliance on the rulings and judgment of the federal district court in the *Riddle* case. Home Indemnity's response was that it was never a party to the *Riddle* lawsuit, and therefore the federal court judgment was unenforceable as to Home Indemnity's rights. Accordingly, Home Indemnity argued, Pate could not avoid liability by good faith reliance upon the federal judgment, and Pate was responsible to Home Indemnity for disbursing funds without accounting for the subrogation lien. The trial court granted Pate's motion for summary judgment without stating the specific grounds for its ruling.

In point of error five, Home Indemnity complains the trial court erred when it granted Pate's motion for summary judgment based upon the federal court judgment in the *Riddle* case.

The standard for appellate review of a summary judgment for a defendant is whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). The movant has the burden to show that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). Evidence favorable to the non-movant will be taken as true in deciding whether there is a disputed material fact issue that precludes summary judgment. *Id.* Every reasonable inference must be indulged in favor of the non-movants and any doubts resolved in their favor. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984). A summary judgment for the defendant, disposing of the entire case, is proper only if, as a matter of law, the plaintiff could not succeed upon any theories pleaded. *Delgado v. Burns*, 656

S.W.2d 428, 429 (Tex.1983). Once the defendant produces sufficient evidence to establish the right to a summary judgment, the plaintiff must set forth sufficient evidence to give rise to a fact issue to avoid a summary judgment. *"Moore" Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 936–37 (Tex.1972).

A summary judgment cannot be affirmed on any grounds not presented in the motion for summary judgment. *Hall v. Harris County Water Control and Improvement Dist. No. 50*, 683 S.W.2d 863, 867 (Tex.App.—Houston [14th Dist.] 1984, no writ). When a trial court's order does not specify the grounds relied on for its ruling, the summary judgment will be affirmed if any of the theories advanced are meritorious. *Insurance Co. of North America v. Security Insurance Co.*, 790 S.W.2d 407, 410 (Tex.App.—Houston [1st Dist.] 1990, no writ).

The first ground asserted by Pate in his motion for summary judgment was that the federal court judgment specifically denied Home Indemnity any recovery, and that Home Indemnity was therefore barred from recovery by the doctrines of res judicata and collateral estoppel.

The Texas Supreme Court case of *Eagle Properties, Ltd. v. Scharbauer*, 807 S.W.2d 714 (Tex.1990), discusses the issues of res judicata and collateral estoppel when a prior federal court judgment is involved. When a suit is decided in federal court, federal law controls the determination of whether *res judicata* will bar a later state court proceeding. *Id.* at 718. Under federal law, *res judicata* will apply if: 1) the parties are identical in both suits; 2) the prior judgment is rendered by a court of competent jurisdiction; 3) there is a final judgment on the merits; and 4) the same cause of action is involved in both cases. *Id.* at 718.

The doctrine of *collateral estoppel* is invoked when a party establishes: 1) the facts sought to be litigated in the present action were fully and fairly litigated in the prior action; 2) those facts were essential to the judgment in the first action; and 3)

the parties were cast as adversaries in the first action. 807 S.W.2d at 721; *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex.1984).

The final judgment signed by the federal district judge in the *Riddle* case states in part:

ON THIS date ... it was thereupon made known to the Court that this suit, as well as all claims by or in behalf of the Plaintiff, Charles Thomas Riddle against the defendant, Allied Chemical Corporation, and their predecessors and successors, has been fully compromised and settled, and that said plaintiff has given the defendant a final release of all claims and causes of action herein; It further appearing to the Court that the *Home Insurance Company, the Worker's Compensation Carrier for the Plaintiff's employer, Arthur Dooley & Son, sought to file a Petition in Intervention for recovery of $37,748.49 it paid in medical expenses and Worker's Compensation Benefits to Charles Thomas Riddle as a result of the accident made the basis of this lawsuit, and the Court, being of the opinion that said Petition in Intervention was not timely filed in proper order, denied said Home Insurance Company leave to file the Petition in Intervention;*

IT IS, therefore, ORDERED, ADJUDGED and DECREED by the Court that the Plaintiff, Charles Thomas Riddle, do have and recover of and from the Defendant nothing.

*IT IS further ORDERED, ADJUDGED and DECREED by the Court that the Home Insurance Company do have and recover nothing by way of any intervention or subrogation interest;*

It is clear from the judgment that Home Indemnity was not allowed to be a party to the suit, and there was no judgment on the merits of Home Indemnity's petition in intervention. Home Indemnity's cause of action for reimbursement, asserted in the state trial court, was not a cause of action involved in the federal *Riddle* case. Home Indemnity was not *required* to intervene in the *Riddle* case in order to enforce its right

to reimbursement. *Travelers Ins. Co. v. Seidel*, 705 S.W.2d 278, 281 (Tex.App.—San Antonio 1986, writ dism'd).

We hold that Home Indemnity was not barred from recovery in the state court action by the doctrines of res judicata and collateral estoppel.

■ The only other ground asserted by Pate in his motion for summary judgment was that Pate at all times acted in good faith and in reliance on the judgment in the *Riddle* case when he disbursed the settlement funds without accounting for Home Indemnity's subrogation lien. Home Indemnity's suit against Pate and the other defendants is in the nature of a suit for conversion; good faith conduct is not a defense in a lawsuit seeking damages for conversion. *Adam v. Harris*, 564 S.W.2d 152, 155 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.); *Morey v. Page*, 802 S.W.2d 779, 786 (Tex.App.—Dallas 1990, no writ). Even if Pate had acted in good faith, because the judgment he relied on did not adjudicate the issue of Home Indemnity's entitlement to be reimbursed out of the funds, he was not entitled to summary judgment on this ground.

We sustain Home Indemnity's point of error five. It is therefore unnecessary to address the remaining points of error.

We reverse the judgment and remand the case to the trial court.