IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-92-055-CV





DAVID N. WALLINGFORD, ELIZABETH L. WALLINGFORD, MARTHA R. SMITH,


PETER J. MAHAN, EVELYN I. MAHAN, MALCOLM N. EVANS,


FAYE R. EVANS, TOM C. NANCE AND FRANCES O. NANCE,




 APPELLANTS


vs.





PROVIDENCE LLOYDS INSURANCE COMPANY,



 APPELLEE



 




FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT



NO. 130,734-B, HONORABLE RICK MORRIS, JUDGE PRESIDING



 





 Nine plaintiffs appeal from a summary judgment that they take nothing by their suit
against Providence Lloyds Insurance Company, a liability insurer of J. D. Blevins and J. D.
Blevins, Inc. (1) We will affirm the judgment.



THE CONTROVERSY


 The plaintiffs owned homes constructed and sold to them by Blevins. Blevins's
construction was so deficient that the concrete foundations cracked. The plaintiffs sued Blevins
for breach of warranties attending his construction and sale of the properties. They recovered
judgment for a large sum in compensatory damages, which Blevins failed to pay.

 Before final judgment in the foregoing lawsuit, Blevins's liability insurer,
Providence, sued Blevins and the plaintiffs in another lawsuit to obtain a declaratory judgment that
Blevins's prospective liability to the plaintiffs was not a risk covered by his insurance contract
with Providence. In consequence, Providence assertedly had no duty to defend Blevins or to pay
any judgment the plaintiffs might obtain against him. In that independent lawsuit, the court
dismissed the plaintiffs from the suit on their motion. See Providence Lloyds Ins. Co. v. Blevins,
741 S.W.2d 604 (Tex. App.--Austin 1987, no writ) (dismissal proper because judgment regarding
prospective liability improper advisory opinion). When Blevins failed to appear, the court
rendered judgment by default against Blevins on Providence's allegations.

 After obtaining their money judgment against Blevins, the plaintiffs sued
Providence directly for payment of the judgment. In their lawsuit, the plaintiffs alleged (1) a right
to recover on Providence's insurance contract with Blevins, as third-party beneficiaries thereof,
the sums Providence was obliged to pay under the contract in Blevins's behalf and (2) a right to
recover damages for Providence's failure to pay such obligations, which amounted to a breach of
its duty of good faith and fair dealing, an unfair insurance practice, and a deceptive trade practice. 
See Tex. Ins. Code Ann. art. 21.21 (West Supp. 1993); Tex. Bus. & Com. Code Ann. § 17.50
(West Supp. 1993).

 Providence moved on various grounds for summary judgment that the plaintiffs
recover nothing from the company. The trial court sustained the motion without stating which
of the several grounds constituted the basis of its judgment. The plaintiffs thus assail on appeal
each of the possible grounds upon which the judgment might rest. We must affirm the judgment
if it is correct on any of the grounds urged in the motion. See Home Indem. Co. v. Pate, 814
S.W.2d 497, 500 (Tex. App.--Houston [1st Dist.] 1991, writ denied). 

 The plaintiffs' second point of error addresses one possible ground set out in
Providence's motion: that the plaintiffs' claims against Blevins came within an exclusion from
coverage contained in the policy. We believe the claims did come within such an exclusion as a
matter of law and undisputed fact, and that summary judgment was correct on that ground alone. 
Consequently, we must affirm the judgment and need not refer to the plaintiffs' remaining points
of error.



DISCUSSION AND HOLDINGS


 Blevins's insurance contract required that Providence pay, on Blevins's behalf, any
sums he became legally obliged to pay because of property damage to which the policy applied,
when such damage was caused by an occurrence covered by the policy and arose "out of the
ownership, maintenance or use of the insured premises and all operations necessary or incidental
to" Blevins's business "conducted at or from the insured premises." An endorsement to the
policy, denominated exclusion "(x)," declared that the insurance covenant did not apply



with respect to the completed operations hazard . . . and with respect to any
classification stated below as "including completed operations", to property damage
to work performed by or on behalf of the named insured arising out of the work
or any portion thereof, or out of materials, parts, or equipment furnished in
connection therewith.



(emphasis added).

 Except as discussed below, it appears undisputed that the terms of exclusion (x)
encompass the plaintiffs' claims against Blevins and, in consequence, Providence was not obliged
to defend against those claims or to pay any resulting judgment thereon. We turn then to the
plaintiffs' second point of error and their various contentions of why exclusion (x) does not have
that legal effect in the present case.



I.


 The plaintiffs complain Providence relied upon exclusions (n) and (o), which had
been endorsed out of the policy, as grounds upon which it was entitled to summary judgment. 
The plaintiffs omit to mention that the motion urged three policy exclusions as grounds for
summary judgment. We quote from the motion:



Exclusion (n) of Form TxCMP 202, exclusion (o) of Form TxCMP 200, and
exclusion (x) under the completed operations exclusions, exclude liability coverage
for property damage to work performed by or on behalf of the named insured
arising out of the work or any portion thereof. Plaintiffs' entire claim is based
upon alleged property damage to homes constructed by [Blevins] due to defects
arising out of the work done by [him] on the homes. Therefore, their claim is
excluded from coverage.



(emphasis added). The trial-court judgment was justified on the basis of exclusion (x) alone, as
we explain below in section II.; the other exclusions were immaterial. We reject the argument.



II.


 The plaintiffs contend next that the nature of the "damages" recovered in their suit
against Blevins raised disputed issues of material fact as to coverage, thereby precluding summary
judgment on the question of coverage. The plaintiffs argue as follows: Their judgment against
Blevins awards them specified amounts for what the judgment denominates "mental pain and
anguish" and the "difference in value of the house as represented and its value as received [by
each plaintiff] at the time of purchase." As denominated, these sums are consequently not
"property damage to work performed by or on behalf of the named insured arising out of the
work," in the words of exclusion (x). (emphasis added).

 We disagree with the argument. It rests upon a confusion of two different things: 
(1) the legal precepts and factual circumstances by which a defendant's legal liability for a loss
is established; and (2) the legal precepts and factual circumstances by which an amount of money
reasonably necessary to compensate a plaintiff for the loss is established. Exclusion (x) refers to
the former while the plaintiffs' judgment for "mental pain and anguish" and the differences in
value of their homes refers to the latter.

 The summary-judgment record establishes as a matter of law that the plaintiffs'
judgment against Blevins is based on his liability for faulty workmanship. The legal effect of
exclusion (x) is to exclude from coverage any legal obligation Blevins incurred when that
obligation is the basis of his liability. The elements of damages recovered, based on that liability,
are immaterial. We hold Providence has no duty to pay them, irrespective of how they are
denominated, because the liability upon which they are based lies outside the policy coverage. 
See Vari Builders, Inc. v. United States Fidelity and Guar. Co., 523 A.2d 549, 553 (Del. Super.
Ct. 1986) ("[T]he property damage predicating the consequential damages is specifically excluded
from coverage [by exclusion (x)]. . . . Therefore damages flowing from such property damage
are not covered by the policy.").



III.


 Finally, the plaintiffs contend that disputed issues of material fact precluded
summary judgment. These issues refer to the plaintiffs' claim that Providence had waived or was
estopped from defending based upon exclusion (x). The issues of fact are whether Blevins
received from Providence a "reservation of rights" letter and the inferences proper to be drawn
from that fact as well as several others: Providence defended Blevins for sixteen months without
obtaining a non-waiver agreement, defended Blevins after obtaining by default a declaratory
judgment against him, omitted to plead exclusion (x) for five years after assuming Blevins's
defense, offered to settle in Blevins's behalf the plaintiffs' claims, and exercised multiple choices
rather than explicitly defending or refusing to defend Blevins.

 In our consideration of the plaintiffs' contention, we must keep in mind that
Blevins's insurance policy can benefit plaintiffs only to the degree that it affords protection to
Blevins. "The case must be decided, therefore, just as if [Blevins] had paid the judgment against
him and was plaintiff in the suit seeking indemnity under the terms of the policy." Klein v.
Century Lloyds, 275 S.W.2d 95, 96 (Tex. 1955); see also James A. Appleman & Jean Appleman,
8 Insurance Law and Practice § 4831, at 431 (rev. ed. 1981) ("[Extending the third party
beneficiary doctrine to allow injured persons to sue the insurer directly] does not mean . . . that
the injured person should have any rights superior to those possessed by the insured, if the latter
had maintained the action against the insured.").

 About four months before trial in the plaintiffs' suit against Blevins, Blevins and
Providence entered into an agreement regarding the suit. Providence agreed that it would continue
to defend Blevins in the plaintiffs' suit notwithstanding the terms of the declaratory judgment,
obtained two months before, that the company had no duty to defend Blevins in the suit. Blevins
agreed, in turn, that by doing so Providence did "not waive any defenses that it might have against
any judgment rendered" in the plaintiffs' suit against Blevins, whether the defense arose out of
Providence's declaratory judgment, Blevins's policy or its riders, amendments or attachments, or
any other provision of law. Moreover, the agreement provided that Blevins agreed Providence
did not, by participating in the plaintiffs' suit, "waive . . . its right at any and all times hereafter
to deny coverage, deny a defense, or refuse to pay a judgment against Blevins arising from said
cause, upon any proper legal or factual ground whatsoever." (emphasis added). Indeed,
Providence "expressly reserve[d]" that right. Finally, the parties agreed "[n]othing done by
[Providence] will result in any waiver of its rights under the policy or the [declaratory judgment],
or in any liability to Blevins for the exercise of its rights."

 In the face of the foregoing agreement, we do not comprehend how any of the
disputed facts upon which the plaintiffs rely can furnish a basis for their contention that
Providence waived its right to refuse Blevins a defense on the ground that Blevins's policy did not
cover liability for the plaintiffs' judgment against him. We hold accordingly.

 Concerning the plaintiffs' estoppel claim, we find in the record nothing to show that
Blevins relied to his prejudice on any contrary representation of coverage made by Providence. 
See Appleman, 16B Insurance Law and Practice § 9081, at 489-92.

 Because Blevins could not, as a matter of law, erect a claim of estoppel or waiver
upon the disputed facts recited by the plaintiffs, we hold the plaintiffs could not. We conclude
summary judgment was proper on the ground of non-coverage and overrule plaintiffs' second
point of error.

 For the reasons given, we affirm the trial-court judgment.





 

 John Powers, Justice

[Before Justices Powers, Aboussie and B. A. Smith]

Affirmed

Filed: February 17, 1993

[Do Not Publish]
1. We shall refer in the text only to Blevins. The plaintiffs are: David N. Wallingford,
Elizabeth L. Wallingford, Martha R. Smith, Peter J. Mahan, Evelyn I. Mahan, Malcolm N.
Evans, Faye R. Evans, Tom C. Nance, and Frances O. Nance.