IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-191-CV





BERNARD J. DOLENZ,



 APPELLANT


vs.





EUGENE A. BRODHEAD, IN HIS CAPACITY AS THE


COURT APPOINTED RECEIVER OF


METROPOLITAN TRUST COMPANY,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 328,912-D, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING



 



 Bernard J. Dolenz appeals from an adverse summary judgment on his causes of
action against Eugene Brodhead, receiver for Metropolitan Trust Company. We will affirm the
trial-court judgment.



THE CONTROVERSY


 Dolenz delivered certain of his securities to Metropolitan. Afterwards, the attorney
general initiated, in the name of the State of Texas, a quo warranto suit against Metropolitan. The
State prevailed, and in December 1981, the court appointed a receiver to administer the assets of
Metropolitan. See Tex. Civ. Prac. & Rem. Code Ann. §§ 66.001-.003 (West 1986); Tex. Ins.
Code Ann. art. 21.28, §§ 1(a), (2) (West 1981). Brodhead succeeded the original receiver.

 Dolenz was allowed to intervene in the quo warranto suit to assert his claim that
he was entitled to possession of certain securities acquired by the receiver from Metropolitan
because he, not Metropolitan, actually owned the securities. On April 20, 1983, the receiver and
Dolenz entered into a written agreement styled "Compromise Settlement Agreement and Release"
that we will discuss below.

 About eight years later, in October 1991, Dolenz filed in the quo warranto suit a
pleading, which was quickly superseded when he filed a pleading entitled "Fourth Amended
Intervention." In the amended pleading, Dolenz alleged against the receiver the following causes
of action: (1) an action for damages for the conversion of all the securities named in the
agreement styled "Compromise Settlement Agreement and Release," save two, and conversion
of any proceeds resulting from their sale; (2) an action for damages for the receiver's gross
negligence in managing the securities; (3) an action at common law and under the Texas Trust Act
for damages for breach of fiduciary duties regarding the securities; (4) an action for debt to
recover, apparently, the value of the securities; and (5) an action for an accounting with respect
to the securities, and, evidently, a suit for debt based upon the accounting, with a constructive
trust imposed upon the securities to secure the debt.

 On the receiver's motion, the trial court rendered summary judgment that Dolenz
take nothing by his action. The trial court severed his action from the quo warranto suit, and this
appeal ensued.



DISCUSSION AND HOLDINGS


 Dolenz contends in a single point of error that the trial court erred in granting the
receiver's motion for summary judgment. The judgment specifies no particular ground upon
which it rests; we must, therefore, affirm it if it is correct on any of the several grounds urged
in the receiver's motion. See Home Indem. Co. v. Pate, 814 S.W.2d 497, 500 (Tex.
App.--Houston [1st Dist.] 1991, writ denied).

 One of the grounds was that the parties' agreement, styled "Compromise Settlement
Agreement and Release," barred Dolenz's causes of action as a matter of law. Another was that
the four-year statute of limitations, found in Tex. Civ. Prac. & Rem. Code Ann. § 16.003 (West
1986), barred Dolenz's claim because more than four years had elapsed since any cause of action
accrued on the settlement agreement. Certified copies of the parties' agreement and the court's
approval of it are contained in the summary-judgment record. 

 The agreement provided as follows:



I.



This Agreement and Release is made subject to approval of the receivership court
and shall be executed only upon approval and direction of the receivership court,
being the 167th Judicial District Court of Travis County, Texas.


II.



The Receiver does hereby release to Dolenz all right, title, interest and possession
to [specified shares of common stock, issued by two corporations and evidenced
by share certificates designated in the agreement]. The Receiver will surrender
possession and deliver the above listed certificates of stock upon court approval of
this Agreement and Release.


III.



The Receiver also does hereby release all right, title, interest and control of the
following certificates of stock [specified shares of common stock, issued by two
corporations and evidenced by share certificates designated in the agreement]. The
above listed stock is presently held by Southwest Securities, Inc. or Arlington
Interuban [sic] Securities and the Receiver will authorize and direct said investment
firm to release the above listed certificates of stock upon approval of the
receivership court.


IV.



In addition to the above listed stocks, Dolenz claims the following stocks as set out
in his PLEA IN INTERVENTION and FIRST AMENDED INTERVENTION: 
[six securities are here identified]. The Receiver does not have possession of the
above certificates or instruments and has no knowledge of their whereabouts, but
the Receiver does hereby release all right, title, interest and control of the above
listed stocks, bonds, and other instruments whether held by Southwest Securities,
Inc., Arlington Interurban Securities or any other investment firm.


V.



Dolenz does hereby release and forever discharge the receiver estate of
Metropolitan Trust Company, the Receiver, his agents and their successors from
any and all claims or causes of action that Dolenz had or may have against [the
receiver]. Dolenz will also vacate the interlocutory Default Judgment against
Metropolitan Trust Company which is now pending in this cause.



(emphasis added).

 Concerning the agreement, Dolenz testified on deposition that he interpreted it as
requiring that he receive delivery of the securities "as soon as the Court had signed the order for
it." He stated he did not inquire about the status of the agreement, between 1983 and 1991,
because he did not know whether the court had approved it. His position was, he said, that his
release of his claims against the receiver was conditioned upon the receiver's performance of the
agreement; only if the receiver performed would he be released. Dolenz admitted signing the
agreement. He denied receiving the securities.

 Dolenz responded in writing to the receiver's motion for summary judgment. In
summary, Dolenz resisted the receiver's motion on the stated ground that the agreement did not
bar his present claims because it did not constitute a release as a matter of law and, moreover, the
receiver had himself breached the agreement by (1) failing to deliver the specified securities to
Dolenz, (2) failing to cause the delivery of specified securities to Dolenz, and (3) failing to furnish
Dolenz a "court approved copy of the" agreement.

 For purposes of discussion only, we will assume that these were obligations
imposed upon the receiver by the agreement and that the receiver's failure concerning them
amounted to a material, as opposed to an incidental, breach of the contract of settlement and
compromise.

 The receiver expressly pleaded the affirmative defenses of accord and satisfaction
and release. His motion for summary judgment made it clear that these affirmative defenses
rested on the parties' agreement described above. Dolenz joined issue on the effect of the
agreement as a matter of law.

 We believe the legal meaning and effect of the agreement is as clear as it possibly
can be concerning the intention of the parties. We observe from the text of the agreement that
with respect to each set of securities the receiver "does hereby release" any right, title, or interest
in the securities and promises to deliver them to Dolenz or to direct their delivery by others. 
Concerning Dolenz, the agreement declares that he "does hereby release and forever discharge
the receiver . . . from any and all claims or causes of action that Dolenz had or may have against
[the receiver]." While the legal effect of the agreement commenced only with the court's approval
of it, it is undisputed that the court did approve it when the parties signed the instrument.

 We believe it correct to say, therefore, that the agreement was one of accord and
satisfaction as a matter of law. The phrase "does hereby release" all right, title, or interest in the
securities plainly amounts to the receiver's renunciation of any claim of a right of possession or
title regarding the securities beginning with the effective date of the instrument. The same is true
of Dolenz's claim of a right of action against the receiver regarding possession and any and all
claims Dolenz may have had. Nothing in the agreement is ambiguous. The agreement for present
mutual releases was an accord, and the execution of the agreement was a satisfaction. The term
"accord and satisfaction," therefore, applies to the completed transaction and constitutes a bar to
any action by Dolenz on his original claim. See Ensley v. Spickard, 232 S.W.2d 780, 782 (Tex.
Civ. App.--Dallas 1950, writ ref'd). That incidental parts of the agreement remained executory
(the receiver's promise to deliver some securities and to direct delivery of others) and the
receiver's alleged breach of these promises did not make the terms of the agreement legally
ineffective as a substitution for the parties' original claims. If Dolenz has any action at all for the
breach of these promises, it is by an action thereon and not on his original claims. See Brost v.
Barringer, 202 S.W. 791, 792 (Tex. Civ. App.--Texarkana 1918, no writ). Dolenz has not sued
on those promises. We need not decide whether an action thereon is barred by limitations.

 We hold, therefore, that the parties' agreement was one of accord and satisfaction
that barred Dolenz's original claims and the trial court did not err in rendering summary judgment
on that ground.

 In his single point of error, Dolenz also complains the trial court erred in imposing
"sanctions in favor of the receiver Eugene Brodhead." No argument accompanies this assignment
of error. We cannot find in our appellate record that sanctions were assessed against Dolenz. We
overrule the point.

 The receiver moves in this Court for imposition of sanctions against Dolenz under
Tex. R. App. P. 84. We hold they are not justified in this instance and overrule the motion.

 Finding no error, we affirm the trial-court judgment.



 

 John Powers, Justice

[Before Justices Powers, Aboussie and B. A. Smith]

Affirmed

Filed: April 21, 1993

[Do Not Publish]