The **HOME INDEMNITY COMPANY,**
Appellant,

v.

**Gordon R. PATE, Appellee.**

No. 01–93–00022–CV.

Court of Appeals of Texas,
Houston (1st Dist.), 1993.

Oct. 14, 1993.

Rehearing Denied Nov. 4, 1993.

Gerald J. Goodwin & Associates, Angela S. Goodwin, Houston, for appellant.

Joe Mickael Dodson, Pate & Dodson, Houston, for appellee.

Before DUGGAN, DUNN and ANDELL, JJ.

## OPINION

DUGGAN, Justice.

This is the appeal of a second take-nothing summary judgment in a suit for conversion. The appellee/defendant, Gordon R. Pate, was the attorney for a settling third-party defendant in a separate and underlying suit. That suit was a worker's compensation claimant's third party action, authorized by former TEX. REV.CIV.STAT.ANN. art. 8307.[1] A first summary judgment in Pate's favor was reversed and remanded. *Home Indem. Co. v. Pate*, 814 S.W.2d 497 (Tex.App.—Houston [1st Dist.] 1991, writ denied).

The appellant, The Home Indemnity Company (Home Indemnity), was the workers' compensation carrier for Arthur Dooley & Son, Inc., whose employee, Charles Riddle (the employee), was injured in the course and scope of his employment. Home Indemnity made workers compensation and medical benefits' payments to the employee in the amount of $37,748.49.

The employee then brought a third-party action against Allied Chemical Corporation, alleging negligence that proximately caused his injuries. The suit, styled *Charles Thomas Riddle v. Allied Chemical Corporation*, was filed in the U.S. District Court, Eastern District of Texas, Beaumont Division, cause number B–82–722–CA, and resulted in a favorable settlement to the employee in the amount of $45,000. The federal court denied Home Indemnity's attempt to intervene in the employee's third-party action. In its final judgment, the federal court entered an agreed judgment that Home Indemnity

"have and recover nothing by way of any intervention or subrogation interest." In concluding the settlement, Pate, the attorney representing Allied Chemical in the third-party action, transferred the settlement funds to the employee and the employee's attorney in accordance with the federal court's judgment and without accounting to Home Indemnity for its subrogation lien under article 8307.

Home Indemnity then filed this suit against Pate, Allied Chemical's attorney, alleging conversion by Pate in directing the settlement payment to the employee and his attorney when Pate was aware of Home Indemnity's subrogation claim. Pate answered and filed a first motion for summary judgment, asserting res judicata and collateral estoppel (based on the federal district court's judgment), and good faith. The trial court granted Pate's first motion for summary judgment and Home Indemnity appealed; this Court reversed the first summary judgment and remanded. Our opinion noted that summary judgment could be granted only on grounds set out in the motion; found that Pate had asserted *only* res judicata and collateral estoppel (based on the federal court suit), and good faith; and held that because Home Indemnity was not a party to the federal court suit, it was not barred from recovery under the doctrines of res judicata or collateral estoppel. We also held that good faith conduct was not a defense in a lawsuit seeking damages for conversion. *Home Indem. Co.*, 814 S.W.2d at 500–501.

Upon remand, Home Indemnity and Pate each filed motions for summary judgment. On November 18, 1992, the trial court granted Pate's second motion and denied Home Indemnity's motion. Home Indemnity now appeals the granting of Pate's second motion and the denial of its own. Home Indemnity urges three points of error; Pate asserts two reply points. We affirm.

 The standard for appellate review of a summary judgment in favor of a defendant is whether the summary judgment proof establishes, as a matter of law, that there is

1. Act of June 8, 1985, 69th Leg., R.S., ch. 326, § 1, 1985 Tex.Gen.Laws 1387, *repealed by* Act of December 11, 1989, 71st Leg., 2d C.S., ch. 1, § 16.01(10), 1989 Tex.Gen.Laws 1, 114.

no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970). The movant has the burden to show that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). Evidence favorable to the nonmovant will be taken as true in deciding whether there is a disputed material fact issue that precludes summary judgment. *Id.* Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984). Once the defendant produces sufficient evidence to establish the right to a summary judgment, the plaintiff must set forth sufficient evidence to give rise to a fact issue to avoid a summary judgment. *"Moore" Burger, Inc. v. Phillips Petroleum Co.,* 492 S.W.2d 934, 936–37 (Tex.1972).

■■■ The underlying events in this cause of action are governed by former TEX.REV. CIV.STAT.ANN. art. 8307. This statute allows an injured employee to proceed against a third-party tortfeasor without precluding a claim against the employer's compensation carrier. *Watson v. Glens Falls Ins. Co.,* 505 S.W.2d 793, 795 (Tex.1974); *Home Indem. Co.,* 814 S.W.2d at 498. The claimant, however, is prevented from getting a double recovery because the carrier is entitled to recoupment of its claims to the extent of all the compensation paid. *Fort Worth Lloyds v. Haygood,* 151 Tex. 149, 153, 246 S.W.2d 865, 869 (1952); *Home Indem. Co.,* 814 S.W.2d at 498. The carrier has a statutory right to reimbursement out of the first monies paid to an injured employee or his representatives by a third-party tortfeasor, up to the amount of compensation paid, and can recover the amount from the employee or the third-party tortfeasor. *Watson,* 505 S.W.2d at 795; *Fort Worth Lloyds,* 246 S.W.2d at 870; *Home Indem. Co.,* 814 S.W.2d at 498. To enforce its right to reimbursement, Home Indemnity was not required to intervene in the third-party action. *Home Indem. Co.,* 814 S.W.2d at 500–501; *Travelers Ins. Co. v. Seidel,* 705 S.W.2d 278, 281 (Tex.App.—San Antonio 1986, writ dism'd).

■■■ A summary judgment cannot be affirmed on any grounds not presented in the motion for summary judgment. *Hall v. Harris County Water Control & Improvement Dist. No. 50,* 683 S.W.2d 863, 867 (Tex. App.—Houston [14th Dist.] 1984, no writ). When a trial court's order does not specify the grounds relied on for its ruling, the summary judgment will be affirmed if any of the theories advanced are meritorious. *Insurance Co. of North America v. Security Ins. Co.,* 790 S.W.2d 407, 410 (Tex.App.—Houston [1st Dist.] 1990, no writ).

We liberally construe Home Indemnity's three points of error as claims that the trial court erred in granting Pate's second motion for summary judgment on any of the three asserted grounds. TEX.R.APP.P. 74(p); *Tempo Tamers, Inc. v. Crow–Houston Four, Ltd.,* 715 S.W.2d 658, 663 (Tex.App.—Dallas 1986, writ ref'd n.r.e.).

Because the first two grounds urged by Pate in his second motion for summary judgment are related, we will consider them together. Pate's first ground asserted that because he acted in his capacity as the attorney for Allied Chemical, he could not be held individually liable for such representation in the underlying third-party suit. Pate's related second ground asserted that, as a matter of law, a worker's compensation carrier may not sue for recovery of its lien from the attorney representing a third-party tortfeasor. Instead, he argued, the compensation carrier's suit properly lies against either the employee or the third-party tortfeasor. We agree.

Home Indemnity's points of error rely on an expansive interpretation of *Prewitt & Sampson v. City of Dallas,* 713 S.W.2d 720, 722 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). Home Indemnity claims that *Prewitt* stands for the propositions that (1) Pate accepted and "benefitted" from the settlement proceeds while having actual notice of Home Indemnity's subrogation lien, and is therefore subject to a cause of action for conversion; and (2) Pate may be have presumably "benefitted" from settlement sums he distributed in disregard of Home Indemnity's sub-

rogation lien. Appellant's reliance on *Prewitt* is misplaced.

In finding that an attorney presumably "benefitted", the court in *Prewitt* considered that Prewitt, the attorney representing the injured employee, received a settlement check made payable jointly to the injured employee and Prewitt. *Id.* Prewitt then refused to relinquish the compensation carrier's funds, although she had constructive notice of the carrier's right to receive a portion of the funds. *Id.* By contrast, in the case before us, Pate represented the third-party tortfeasor who *issued* the check, not the injured employee who *received* the check. Although Pate had actual notice of Home Indemnity's subrogation lien, he did not receive settlement funds on behalf of the injured employee and then refuse to relinquish them to the compensation carrier. Instead, he distributed settlement funds to Riddle, the injured employee, and his attorney.

Home Indemnity is correct in its assertion that the law has been the same on this issue for decades. When a third-party tortfeasor pays a settlement or judgment to an employee who has been receiving workers' compensation benefits, the tortfeasor and the employee are jointly and severally liable to the compensation carrier for its entire subrogation claim. *Watson*, 505 S.W.2d at 795. This right of recovery on behalf of the carrier is so strong that Home Indemnity could have recovered without intervening in the third-party action. *Home Indem. Co.*, 814 S.W.2d at 498; *Travelers Ins. Co.*, 705 S.W.2d at 281. If a third-party tortfeasor and its insurer wrongfully pay out to the employee money that belongs to the compensation carrier, the third-party tortfeasor and its insurance company are liable for the total amount paid by the carrier. *Id.* This liability was extended to Prewitt who represented an injured employee and presumably benefitted upon *receiving* a settlement check made payable *jointly* to Prewitt and the injured employee. *Prewitt*, 713 S.W.2d at 722. We do not read *Prewitt* to apply to an attorney who, as part of his representation of a third-party tortfeasor, *distributed* a settlement check to an injured employee.

It is a general rule that the duties of the attorney, which arise from the relation of attorney and client, are to his client only, and not to third persons. *Bryan & Amidei v. Law*, 435 S.W.2d 587, 593 (Tex.Civ.App.—Fort Worth 1968, no writ). No privity of contract existed between Home Indemnity and Pate; thus no duty arose. Home Indemnity's cause of action properly lies against the third-party tortfeasor, the injured employee, or, as in *Prewitt,* the employee's attorney who has presumably benefitted.

The trial court did not err in granting a summary judgment for Pate on the first two related grounds. Home Indemnity's first and second points of error are overruled.

The remaining ground asserted by Pate in his motion for summary judgment, and attacked by Home Indemnity in its response to the motion for summary judgment, was that the release by Home Indemnity of claims against Allied Chemical also acted as a release of claims against Pate individually. Because we have already determined that the facts before us do not allow Home Indemnity to sue Pate individually for conversion, it becomes irrelevant whether Home Indemnity's release of Allied Chemical also acted to release Pate. Home Indemnity's third point of error is overruled.

The judgment is affirmed.