**PERFORMANCE INSURANCE COMPANY, Successor in Interest to Texas Employers Insurance Association, Appellant,**

v.

**Shirley FRANS, a Widow, Individually and as the Natural Guardian and Next Friend of Michael D. Frans, Jr., a Minor, and as the Administratrix and Personal Representative of the Estate of Michael D. Frans, Sr., Deceased, Appellee.**

No. 01–93–00314–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

April 6, 1995.

Rehearing Overruled May 19, 1995.

Mark T. Curry, Houston, for appellant.

John D. Wittenmyer, Houston, for appellee.

Before O'CONNOR, HEDGES and DUGGAN, JJ.

## OPINION

LEE DUGGAN, Jr., Justice (Retired) *.

This appeal involves a workers compensation insurance carrier, which paid death benefits to a covered employee's survivors and beneficiaries and thereafter intervened in a suit filed by the survivors and beneficiaries against alleged third party tortfeasors. The carrier appeals the trial court's judgment approving a settlement and apportioning the settlement proceeds. In three points of error, the carrier complains that the trial court's apportionment (1) improperly reduced the carrier's subrogation recovery and statutory credit; (2) improperly allowed a transfer from one beneficiary to another; and (3) improperly awarded attorney's fees.

We reverse and remand.

### Summary of Facts

The facts are undisputed. Appellant and intervenor below, Performance Insurance Company (the carrier), is the successor in

---

* Justice Duggan, who retired on December 31, 1994, continues to sit by assignment for the dis- position of this case, which was submitted prior to that date.

interest to Texas Employers Insurance Association, the workers compensation carrier for Western Electric, the employer of Michael D. Frans, deceased. Mr. Frans was initially injured in the course and scope of his employment. He ultimately died, allegedly from complications following back surgery performed by two physicians, the settling defendants in the underlying medical malpractice case.

Appellee, Shirley Frans, individually and as guardian and next friend of Michael D. Frans, Jr., a minor, and as administratrix and personal representative of the Estate of Michael D. Frans, Sr., Deceased, is the settling plaintiff who represents the deceased worker's statutory beneficiaries in the underlying suit against the two doctors. At the time of settlement, the carrier's workers compensation lien was $104,404, of which $61,751 was attributable to Ms. Frans and $42,652 was attributable to her son.

At the settlement hearing, and over the objection of the carrier, the trial court approved a proposed settlement of $200,000 from the defendant physicians, and apportioned the settlement proceeds between Ms. Frans and Michael, Jr., before reimbursing the carrier. At the request of Ms. Frans, her attorney, and the settling defendants' attorney, the trial court approved an apportionment of $180,000 to Ms. Frans in her individual capacity and as representative of the estate of Michael D. Frans, Sr., and $20,000 to Michael in his individual capacity.

Attorneys for Ms. Frans and the defendants characterized the payment as "two settlements." The attorney for the defendants stated, "I have a settlement of $20,000 with the minor. I have a settlement of $180,000 with the estate and with the widow. I do not have one settlement, I have two settlements...." As a part of the settlement, Ms. Frans testified that she planned to pay $4,000 of her recovery into a chapter 142 trust[1] for Michael, Jr.'s benefit, along with $16,000 to be paid into the trust by one of the attorneys from his attorney's fees.

1. Tex.Prop.Code Ann. § 142.001–.007 (Vernon 1995).

### Apportionment of Settlement Funds

By its first point of error, Performance Insurance asserts the trial court erred in apportioning the settlement in a manner that reduced the carrier's statutory lien.

The events in this cause of action are governed by former Tex.Rev.Civ.Stat.Ann. art. 8307, § 6a(a).[2] Section 6a(a), provides in pertinent part that:

> If the claimant is a beneficiary under the death benefits provisions ... a judgment shall not constitute an election but the amount of such recovery shall first pay costs and attorney's fees and then reimburse the association, and if there be any excess it shall be paid to the beneficiaries in the same ratio as they received death benefits and the association shall suspend further payments of benefits until the suspended benefits shall equal the amount of such excess at which time benefits shall be resumed.

■ Article 8307, section 6a(a) allows an injured employee to proceed against a third-party tortfeasor without precluding a claim against the employer's compensation carrier. *Watson v. Glens Falls Ins. Co.,* 505 S.W.2d 793, 795 (Tex.1974); *Home Indem. Co. v. Pate,* 866 S.W.2d 277, 280 (Tex.App.—Houston [1st Dist.] 1993, no writ); *Home Indem. Co. v. Pate,* 814 S.W.2d 497, 498 (Tex.App.—Houston [1st Dist.] 1991, writ denied). The claimant, however, is prevented from obtaining a double recovery because the carrier is entitled to recoup its claim to the extent of all compensation paid. *Fort Worth Lloyds v. Haygood,* 151 Tex. 149, 246 S.W.2d 865, 869 (1952); *Pate,* 814 S.W.2d at 498.

■ The carrier has a statutory right to reimbursement from the first monies paid to an injured employee or his representatives by a third-party tortfeasor, up to the amount of compensation paid, and can recover the amount from the employee or the third-party tortfeasor. *Watson,* 505 S.W.2d at 795; *Fort Worth Lloyds,* 246 S.W.2d at 870, *Pate,* 814

2. Act of June 8, 1985, 69th Leg., R.S., ch. 326, § 1, 1985 Tex.Gen.Laws 1387, 1387 *repealed by* Act of December 11, 1989, 71st Leg., 2d C.S., ch. 1, § 16.01(10), 1989 Tex.Gen.Laws 1, 114.

S.W.2d at 498. The employee or his representatives have no right to any of the funds received from the third-party tortfeasor until the carrier receives payment in full. *Capitol Aggregates, Inc. v. Great Am. Ins. Co.*, 408 S.W.2d 922, 923 (Tex.1966); *Insurance Co. of North America v. Wright*, 886 S.W.2d 337, 341 (Tex.App.—Houston [1st Dist.] 1994, no writ). When a third-party tortfeasor pays a settlement or judgment to an employee who has been receiving workers' compensation benefits, the tortfeasor and the employee are jointly and severally liable to the compensation carrier for its entire subrogation claim. *Watson*, 505 S.W.2d at 795.

■ The statutory scheme reduces the burden of insurance to the employer and to the public by preventing an employee from retaining proceeds from a settlement in addition to his compensation benefits while the carrier is only partially reimbursed for what it has paid. *Wright*, 886 S.W.2d at 341. A workers compensation carrier's right to reduce its liability because of the payment of a third party must not be compromised. *Id.*

■ Mrs. Frans and Michael, Jr. are "claimants" and "beneficiaries" under the death benefits provisions of article 8307, section 6a(a). In addition, Mrs. Frans acted as the deceased employee's "representative" in the settlement by the third parties for the deceased employee's injuries. *See Capitol Aggregates, Inc.*, 408 S.W.2d at 923. As such, under the clear language of section 6a(a), she obtained a "recovery" which the statute says "shall first pay costs and attorney's fees and *then reimburse the association*, and if there be any excess, it shall be paid to the beneficiaries." TEX.REV.CIV.STAT. ANN. art. 8307, § 6a(a) (emphasis added).

Acting both individually and as guardian of her minor son, Ms. Frans settled and obtained a recovery of both claimant's beneficiary's claims in a single judgment. The trial court therefore erred in accepting the settling attorneys' representation and treating the statutorily contemplated recovery as two separate settlements. The trial court should have applied the recovery in the manner and sequence prescribed in section 6a(a) to pay: (1) costs; (2) attorney's fees; (3) reimbursement of the carrier; and finally, (4) the excess, if any, to the beneficiaries. The trial court had no discretion to ignore the wording of the statute and apportion the settlement funds between the claimants before reimbursing the carrier. *See Capitol Aggregates, Inc.*, 408 S.W.2d at 923.

We sustain the carrier's first point of error.

Upon remand, the trial court will apply the recovery in the manner and sequence provided by article 8307, section 6a(a), first ordering payment of costs and attorney's fees, then reimbursing the carrier and finally apportioning the excess between Ms. Frans and Michael, Jr. "in the same ratio as they received death benefits and the [carrier, Performance Insurance] shall suspend further payments of benefits until the suspended amounts shall equal the amount of such excess, at which time benefits shall be resumed." Art. 8307, sec. 6a(a).

## Remaining Points of Error

Performance Insurance's second and third points of error were conditioned upon our finding that the trial court's apportionment of the settlement funds was proper. Because we have found otherwise, they are moot.

## Summary

The judgment is reversed, and the cause is remanded to the trial court for entry consistent with this opinion.