**Ramiro ESTRADA, Appellant,**

v.

**WAUSAU INSURANCE COMPANY, Appellee.**

No. 04–98–00207–CV.

Court of Appeals of Texas, San Antonio.

Oct. 28, 1998.

Rehearing Overruled Dec. 11, 1998.

---

1. A statutory version of this protection is codified at 12 U.S.C. 1823(e).

Ramiro Estrada, Houston, pro se.

Michael A. Gentry, Stacey Saunders, Hughes, Watters & Askanase, L.L.P., Houston, for Appellee.

Before HARDBERGER, C.J., and LÓPEZ and STONE, JJ.

## OPINION

HARDBERGER, Chief Justice.

Appellant, Ramiro Estrada ("Estrada"), appeals a judgment awarding appellee, Wausau Insurance Company ("Wausau"), damages for conversion. In three points of error, Estrada contends the trial court erred by: (1) overruling his motion for continuance; and (2) awarding damages to Wausau in excess of its subrogation rights. We overrule Estrada's points of error and affirm the trial court's judgment.

### FACTUAL BACKGROUND

Estrada was retained to represent Joseph Garcia ("Garcia") in a claim against a third-party tortfeasor for personal injuries. The third-party tortfeasor was insured by Allstate Insurance. On February 28, 1996, Wausau sent a letter to Estrada, acknowledging that Estrada was retained to represent Garcia in his "third party subrogation claim against Allstate Insurance." Wausau enclosed the medical bills it had paid to date. Estrada disputed receiving the letter. Nevertheless, Allstate's loss report diary docu-

ments a conversation between the Allstate adjuster and Estrada on November 16, 1995, in which Estrada informed the adjuster that Garcia had a workers compensation claim.

On November 11, 1996, Allstate sent a check payable to Garcia and Estrada in settlement of the claim against the third-party tortfeasor. Estrada received forty percent of the settlement, or $8,000, and Garcia retained the balance of $12,000. After Wausau discovered that a settlement had been made in contravention of its subrogation rights, Allstate paid Wausau $20,000, and Wausau released Allstate; however, Wausau did not release its claim for reimbursement. Wausau then brought the underlying action against Garcia and Estrada, claiming its statutory right to reimbursement, conversion, breach of fiduciary duty, fraud, breach of contract, money had and received, unjust enrichment and conspiracy. It was undisputed that Wausau had paid at least $40,000 in medical bills on Garcia's behalf.

After Estrada's motion for continuance was denied, the case was tried on stipulated facts.[1] The trial court awarded Wausau a judgment against Garcia and Estrada, jointly and severally, in the amount of $17,000. The trial court calculated the award by subtracting from the $20,000 converted settlement amount, a reasonable attorney's fee of $3,000 to be retained by Estrada for obtaining the Allstate settlement. Estrada timely filed this appeal.

### CONTINUANCE

In his first point of error, Estrada asserts that the trial court abused its discretion in denying his motion for continuance. Estrada contends that Wausau failed to comply with the notice requirements of rule 245 of the Texas Rules of Civil Procedure.

Wausau initially responds that Estrada's complaint is not properly before this court because his motion for continuance does not appear in our clerk's record. Estrada subsequently requested a supplemental clerk's rec-

ord to be filed which contains his motion for continuance.

Wausau also counters that Estrada has waived this complaint by failing to cite authority for his proposition. Although Estrada's argument with respect to this point of error is sparse, he does cite the appropriate rule; therefore, we will address the issue.

We review the denial of a motion for continuance under an abuse of discretion standard. *General Motors Corp. v. Gayle,* 951 S.W.2d 469, 476 (Tex.1997); *Klager v. Worthing,* 966 S.W.2d 77, 80 (Tex.App.—San Antonio 1996, no writ). Absent a showing that the trial court's decision was arbitrary or unreasonable, the decision will not be disturbed on appeal. *Klager,* 966 S.W.2d at 80.

■ Rule 245 of the Texas Rules of Civil Procedure permits the trial court to set contested cases on written request of any party, or on the court's own motion, with reasonable notice of not less than forty-five days to the parties of a first setting. TEX.R. CIV. P. 245. Failure to give the required notice constitutes lack of due process and is grounds for reversal. *Trevino v. Gonzalez,* 749 S.W.2d 221, 223 (Tex.App.—San Antonio 1988, writ denied); *see also Delgado v. Hernandez,* 951 S.W.2d 97, 99 (Tex.App.—Corpus Christi 1997, no writ); *Hanners v. State Bar of Texas,* 860 S.W.2d 903, 907 (Tex.App.—Dallas 1993, writ dism'd).

■ Because notice of a trial setting ordinarily does not affirmatively appear in the record, the trial court is presumed to have heard the case only after proper notice, and to overcome this presumption the record must affirmatively show lack of notice by affidavit of other competent evidence. *Delgado,* 951 S.W.2d at 99; *Hanners,* 860 S.W.2d at 908; *Trevino,* 749 S.W.2d at 223. Estrada's motion for continuance and motion for new trial contain mere allegations that reasonable notice was not provided. Such allegations do not satisfy Estrada's burden of overcoming the presumption of proper notice.[2] *Trevino,* 749 S.W.2d at 223.

Estrada's first point of error is overruled.

---

1. In his brief, Estrada disputes Wausau's contention that the parties stipulated that Estrada and Allstate had notice of Wausau's rights at the time

of the settlement; however, the loss report diary documents that both parties were on notice.

2. Although our record contains a reporter's record from a hearing held by the Honorable Janet

### SUBROGATION RIGHTS AND DAMAGES

■ In Estrada's second and third points of error, Estrada contends the trial court erred in awarding Wausau damages because Wausau already recovered $20,000 from Allstate in full satisfaction of its subrogation lien.[3] Estrada contends that since his liability to Wausau cannot exceed the amount previously paid by Allstate in settlement of the third-party claim, Wausau's recovery was limited to $20,000, which it received from Allstate. Wausau counters that its recovery from Allstate does not affect its right to recover the funds paid to Garcia and Estrada.

If an injured employee claims a benefit from a workers' compensation insurance carrier, the carrier is statutorily subrogated to the rights of the injured employee and may enforce the liability of the third party in the name of the injured employee or the legal beneficiary. TEX. LABOR CODE ANN. § 417.001(b) (Vernon 1996). The net amount recovered by the injured party in a third-party action must be used to reimburse the carrier for benefits that it has previously paid. TEX. LABOR CODE ANN. § 417.002(a) (Vernon 1996). The injured employee is only entitled to receive additional payment if the recovery in the third-party action exceeds the benefits and costs paid by the carrier. TEX. LABOR CODE ANN. § 417.002(a) (Vernon 1996).

■ The cases interpreting this statutory subrogation right clarify that when an injured employee has filed a claim for workers' compensation benefits and proceeds in a suit against the third-party, the first money paid or recovered by the employee belongs to the compensation carrier *until the carrier is paid in full*. See Watson v. Glens Falls Ins. Co., 505 S.W.2d 793, 795 (Tex.1974) (carrier entitled to recoupment first to extent of all compensation paid); Capitol Aggregates, Inc. v. Great Am. Ins. Co., 408 S.W.2d 922, 923 (Tex.1966) (carrier entitled to first money

until paid in full); Fort Worth Lloyds v. Haygood, 151 Tex. 149, 246 S.W.2d 865, 869 (1952) (first money belongs to carrier until paid in full); U.S. Fire Ins. Co. v. Hernandez, 918 S.W.2d 576, 578 (Tex.App.—Corpus Christi 1996, writ denied) (carrier right to receive payment in full); Texas Workers' Compensation Ins. Fund v. Travis, 912 S.W.2d 895, 897–98 (Tex.App.—Fort Worth 1995, no writ) (carrier entitled to one hundred percent of compensation paid as result of recovery from third party). The cases emphasize that until the carrier has received payment in full, the employee has no right to any funds recovered from the third party. Capitol Aggregates, Inc., 408 S.W.2d at 923 (employee no right to funds until carrier paid in full); Fort Worth Lloyds, 246 S.W.2d at 869 (employee no right to funds until carrier paid in full); U.S. Fire Ins. Co., 918 S.W.2d at 578 (employee no right to funds received from third party until carrier paid in full); Texas Workers' Compensation Ins. Fund v. Travis, 912 S.W.2d at 897–98 (claimant no right to funds received until carrier receives payment in full). This interpretation is consistent with the purpose of the statutory subrogation provision which is to reduce the burden of insurance to the employer and to the public. Capitol Aggregates, Inc., 408 S.W.2d at 924; American General Fire & Cas. Co. v. McDonald, 796 S.W.2d 201, 204 (Tex.App.—San Antonio 1990, writ denied). This purpose is not accomplished where an employee is allowed to retain the proceeds of a settlement in addition to his compensation benefits while the carrier is only partially reimbursed for the benefits it has paid. Capitol Aggregates, Inc., 408 S.W.2d at 924.

■ Any person who accepts and benefits from the proceeds of a third-party claim, while having notice of a workers' compensation lien, is subject to a cause of action for conversion. Home Indem. Co. v. Pate, 814 S.W.2d 497, 498–99 (Tex.App.—Houston [1st

---

P. Littlejohn on Estrada's announcement of not ready, no reporter's record was filed from the hearing on the motion for continuance held by the Honorable Solomon Casseb, who originally denied the motion.

3. Wausau asserts that Estrada has waived his third point of error. Although Estrada fails to cite any authority to support the argument in his third point of error, the argument is basically an extension of the argument made in Estrada's second point of error. For this reason, we will consider the arguments together.

Dist.] 1991, writ denied); *Prewitt & Sampson v. City of Dallas*, 713 S.W.2d 720, 722 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). Where an injured worker and a third-party tortfeasor settle without regard to a carrier's recoupment rights, the worker and the third-party are jointly and severally liable to the carrier for the wrongfully appropriated funds. *Capitol Aggregates, Inc.*, 408 S.W.2d at 923–24; *Fort Worth Lloyds*, 246 S.W.2d at 870–71; *Traders & General Ins. Co. v. West Texas Utilities Co.*, 140 Tex. 57, 165 S.W.2d 713, 716 (1942). If the injured employee's attorney accepts settlement funds in contravention of the carrier's rights, the attorney is also liable to the carrier. *Prewitt & Sampson*, 713 S.W.2d at 723.

Estrada relies heavily on the holding of the Dallas court of appeals in *New York Underwriters Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 856 S.W.2d 194 (Tex.App.—Dallas 1993, no writ). In that case, the third-party tortfeasor's insurance carrier, State Farm, and the injured employees settled, and State Farm paid the injured employees. *Id.* at 198. The workers' compensation insurance carrier, Hartford, then sued State Farm and the injured employees, contending that their actions made them jointly and severally liable for the full amount of the benefits paid to the injured employees by Hartford. *Id.* State Farm acknowledged its liability up to the settlement amounts it paid to the injured employees but denied liability over that amount. *Id.* The trial court granted summary judgment holding that State Farm was only liable for the amount paid in settlement. *Id.*

The Dallas court initially recognized the general legal principles with regard to Hartford's statutory subrogation rights, including the injured employees' inability to recover any funds until Hartford was paid in full. *Id.* at 199–200. The Dallas court distinguished the holding in *Capitol Aggregates, Inc.*, noting that the workers' compensation carrier in that case pursued the injured worker's claim against the third party tortfeasor, thereby entitling it to the damages awarded by the jury and the settlement proceeds paid to the injured employee, which did not exceed the amount of benefits previously paid by the

carrier. *Id.* at 202. The Dallas court then held that in this case, where the workers' compensation carrier did not pursue the injured worker's claim, the carrier was only entitled to recover the settlement funds from the third party and the worker, jointly and severally. *Id.* The Dallas court overruled Hartford's contentions that the trial court erred in allowing the injured employees to keep the settlement funds and that Hartford should have been entitled to recover the settlement amount from both State Farm and the injured employees. *Id.* Estrada relies on this holding to assert that since Wausau received payment of the full amount of the settlement from Allstate, its joint and several liability for that amount has been satisfied.

The Dallas court's holding advances policies that are contrary to the legislative purpose in adopting a statutory subrogation right in favor of the carrier. The holding also impedes the retention of an attorney by an injured employee to pursue a third-party claim, since it might compel the carrier to file the claim against the third party in every instance to preserve its full subrogation rights. We believe the better policy to be applied to the facts in this case is stated in *Capitol Aggregates, Inc.*:

> [T]he party entitled to the money is attempting to recover from one who wrongfully received the same, and the latter will not be subjected to double liability. [The statutory subrogation provision] was adopted to prevent overcompensation to the employee and to reduce the burden of insurance to the employer and to the public. These purposes will not be accomplished if the employee is allowed to retain the proceeds of the settlement in addition to his compensation benefits while the carrier is only partially reimbursed for what it has paid.

408 S.W.2d at 924, and in *Fort Worth Lloyds*:

> It is to be remembered that in an appropriate case on an injury being received by an employee covered by the Compensation Act, he is given the option of (1) proceeding against the third party tort-feasor free and untrammeled by any right of subrogation on the part of anyone and with full and free direction and control of his cause

or (2) he may receive compensation from his employer's compensation carrier. By choosing this second remedy, the employee, or his representatives, bring into play the law which subrogates the compensation carrier to the employee's rights against the third party tort-feasor. It is a choice which the employee must make, and no other person, except he can cause the subrogation to come into being, and affect his rights against the third party tort-feasor. He is under no compulsion as to which option he chooses, but he makes his choice voluntarily and freely and with full knowledge of the legal effect of his choice.

Having elected to recover compensation—which he may do merely by showing that he was accidently injured in the course of his employment—and having no burden to show negligence or to be subject to any other common law defenses, there is nothing unjust in giving the carrier who pays the compensation the right to recoupment under the statute. The first money paid rightfully should go to reimburse the carrier who has paid, or assumed to pay, this compensation to the employee. As to any excess above the amount necessary to make the carrier whole, the statute requires the same to be paid the injured employee, or his representatives, thus insuring for him the full and total amount of his damages suffered by the injury.

246 S.W.2d at 870–71.

If Wausau had been required to sue Allstate, Estrada and Garcia in a single action, we would agree that it would only be entitled to recover $20,000 against the three defendants, jointly and severally. However, given the posture of this case, we hold that Estrada and Garcia are not entitled to benefit from a wrongfully paid settlement, while leaving the carrier, who already paid Garcia's medical bills, partially reimbursed. The money paid to Estrada and Garcia was the first money paid or recovered and that money belonged to Wausau.

Estrada asserted at oral argument that this holding will encourage carriers to sit back and doubly benefit when a claim is handled by an injured employee's attorney. Contrary to this assertion, we believe our holding will encourage the proper handling of third-party claims by discouraging injured employees and their attorneys from converting settlement funds in contravention of the full subrogation rights provided workers' compensation carriers by statute.

Estrada's second and third points of error are overruled.

### CONCLUSION

The trial court did not abuse its discretion in overruling Estrada's motion for continuance, and the trial court did not err in awarding Wausau damages for conversion. The judgment of the trial court is affirmed.