NUMBER 13-07-488-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


EUFEMIA Z. CAMPOS AND Appellants,

HORTENSIA GREENE,


v. 


NUECES COUNTY, Appellee.

 

On appeal from the 117th District Court 

of Nueces County, Texas


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Vela


 

 This is an appeal from the trial court's denial of a motion for continuance. By two
issues, appellants, Eufemia Campos and Hortensia Greene, complain that they did not
receive proper notice of their initial trial setting, and, thus, argue that the trial court erred
in denying their motion for continuance. We agree and accordingly, reverse and remand
for a new trial.

I. Background

 On October 31, 2003, appellee, Nueces County ("the County"), sued Otilia Campos
for delinquent property taxes. Because the County was unable to personally serve Otilia
Campos and others defendants who were later included in its second amended petition,
it moved for and was granted the appointment of an attorney ad litem. On September 29,
2005, the County filed its third amended petition and included appellants, Eufemia Campos
and Hortensia Greene, as defendants. Only Eufemia Campos and Greene filed an
answer. 

 On March 6, 2007, the County notified Sandra Alaniz, the attorney ad litem, that the
case was set for trial on May 10, 2007. This was the first trial setting. It is undisputed that
counsel for appellants did not receive the March 6, 2007 notice of this trial setting. The
County also conceded that it did not notify Robert Ramey, appellants' counsel, of the May
10, 2007 trial setting until April 16, 2007. On April 18, 2007, Ramey filed a letter with the
Court, stating:

 I did not receive any notification that the above styled and numbered cause
was under consideration for scheduling for final hearing or trial and I believe
it is the responsibility of the attorney for the party requesting that a cause be
scheduled for final hearing or trial to provide notice to other attorneys of
record in the cause in question and to utilize the docket control process
pursuant to the local rules. 


In the letter, Ramey also requested that the final hearing be canceled and that the matter
be set for a docket control conference. On May 2, 2007, Ramey filed a verified motion for
continuance, stating, among other things, that "the attorney for Campos and Greene was
not contacted by anyone prior to receiving notification of the setting of the final hearing in
the above styled and numbered cause for May 10, 2007, at 1:00 p.m."

 A hearing on appellants' motion for continuance was set for the same day as the
trial. At the hearing, Ramey argued, among other things, that,

 the other point of my motion is that there's been no docket control
conference or other setting in this matter. We went straight from completing
service on the defendants to establishing a trial date, and then some weeks
later, notifying me as to the trial date. And I believe that if we had gone
through the docket control process that some of this would have been - -
could have been taken care of then because I would have asked for enough
time to get some of these things done . . . .


The County conceded that it did not mail notification to Ramey until April 16, 2007, thus,
Ramey had not been given 45 days notice as required by Texas Rule of Civil Procedure
245. See Tex. R. Civ. P. 245. The trial court also acknowledged that there was April
correspondence in the court's record. (1) Nonetheless, the trial court denied the motion for
continuance and immediately began the trial.II. Analysis

 By their first issue, appellants argue that the trial court erred by violating Texas Rule
of Civil Procedure 245, which requires a party to receive at least 45 days notice of a first
trial setting. While conceding that appellants did not receive the mandatory 45 day notice
for their first trial setting, the County argues that appellants waived their right to object to
the trial setting because rule 245 was not specifically mentioned in either their motion or
in argument and appellants failed to prove harm as a result of the denial of the motion. We
disagree.

 Specifically, rule 245 provides:

 The Court may set contested cases on written request of any party, or on the
court's own motion, with reasonable notice of not less than forty-five days to
the parties of a first setting for trial, or by agreement of the parties . . . .


Tex. R. App. P. 245. The 45 day notice provision of rule 245 is mandatory. Smith v.
Lippmann, 826 S.W.2d 137, 138 n.1 (Tex. 1992); Custom-Crete, Inc. v. K-Bar Servs, Inc., 
82 S.W.3d 655, 659 (Tex. App.-San Antonio, 2002, no pet.). A trial court's failure to give
the required notice constitutes lack of due process and is grounds for reversal. Blanco v.
Bolanos, 20 S.W.3d 809, 811 (Tex. App.-El Paso 2000, no pet.); Estrada v. Wausau Ins.
Co., 985 S.W.2d 480, 482 (Tex. App.-San Antonio 1998, pet. denied); see Bell Helicopter
Textron, Inc., v. Abbott, 863 S.W.2d 139, 140 (Tex. App.-Texarkana 1993, writ denied)
(failure to comply with rule 245 renders any first setting notice ineffectual). Rule 33.1 of the Texas Rules of Appellate Procedure, entitled "Preservation of
Appellate Complaints," requires, as a prerequisite for presenting a complaint for appellate
review, the record must show that:

 (1) the complaint was made to the trial court by a timely request, objection,
or motion that:

 

 (A) stated the grounds for the ruling that the complaining party sought
from the trial court with sufficient specificity to make the trial court
aware of the complaint, unless the specific grounds were apparent
from the context; and


 (B) complied with the requirements of the Texas Rules of Civil or
Criminal Evidence or the Texas Rules of Civil or Appellate Procedure;
and 


 (2) the trial court:


 (A) ruled on the request, objection, or motion either expressly or
implicitly; or


 (B) refused to rule on the request, objection, or motion, and the
complaining party objected to the refusal.


Tex. R. App. P. 33.1 (emphasis added).


 The County cites several cases in support of its position that a party must
specifically reference rule 245 when objecting to inadequate notice of trial setting. In each
of the cases relied upon by the County, however, no specific or general objection was
made to inadequate notice. Although some of the cases specifically discuss rule 245,
none of the cases cited mandate specific reference to rule 245, by number, in order to
preserve a complaint. Rather, the cases focus on whether a proper objection to notice was
made. See, e.g. Stallworth v. Stallworth, 201 S.W.3d 338, 347 (Tex. App.-Dallas 2006,
no pet.) (explaining that the wife requested a continuance, but nothing in the record
showed an objection based on lack of proper notice); Padilla v. Comm'n for Lawyer
Discipline, 87 S.W.3d 624, 626 (Tex. App.-San Antonio 2002, pet. denied) (providing that
"our review of the record revealed no specific complaint based on rule 245 or inadequate
notice"); see also Hadeler v. Hadeler, No. 04-06-00459-CV, 2007 WL 1825855 at *1 (Tex.
App.-San Antonio June 27, 2007, no pet.) (setting out that nothing in the record shows that
appellant or his attorney objected to the first trial setting because of insufficiency of notice);
Hentnik v. Hentnik, No. 04-03-00798-CV, 2004 WL 1510612 at *1 (Tex. App.-San Antonio
July 7, 2004, pet. denied) (noting that appellant objected that he was not prepared for trial,
had a short time to get an attorney, and "was in the" middle of boy scouts, but did not
complain of lack of rule 245 notice); In re A.H., No. 02-06-211-CV, 2006 WL 3438179, at
*2 (Tex. App.-Fort Worth Nov. 30, 2006, no pet.) (stating that appellant did not object to
lack of adequate notice under rule 245 until he filed his motion for new trial); Franyutti v.
Franyutti, No. 04-02-00786-CV, 2003 WL 22656879, at *2 (Tex. App.-San Antonio Nov.
12, 2003, no pet.) (explaining that appellant "did not object or otherwise complain of the
trial court's failure to comply with rule 245"); City of Houston v. Revels, No. 14-99-00139-CV, 2001 WL 699546 at *4 (Tex. App.-Houston [14th Dist.] June 21, 2001, pet. denied)
("Noticeably absent from [appellant's] motion, however, is any reference to insufficient
notice under rule 245.").

 In the instant case, appellants' counsel, upon being informed of the initial trial
setting, immediately sent a letter to the court and opposing counsel stating that he "did not
receive any notification that the . . . cause was under consideration for scheduling for final
hearing or trial . . . ." Counsel filed a verified motion for continuance and stated in his
notice that he "was not contacted by anyone prior to receiving notification of the setting of
the final hearing in the above styled and numbered cause." At the motion for continuance
hearing, counsel argued to the trial court that there had "been no docket control conference
or other setting in this matter" and that "we went straight from completing service on the
defendants to establishing a trial date, and then some weeks later, notifying me as to the
trial date." 

 We conclude that counsel's objection to inadequate notice of the trial setting
pursuant to rule 245 was presented with sufficient specificity to make the trial court aware
that he was objecting to failure to receive proper notice. See Tex. R. App. P. 33.1. The
County would require that a party objecting to insufficient notice to specifically mention rule
245 in order to preserve error. We do not believe the spirit of Texas Rule of Appellate
Procedure 33.1 is violated if a party timely objects to improper notice of a trial setting, but
fails to mention the specific rule by number. See id. Here, by filing a letter with the trial
court, filing a verified motion for continuance, and arguing before the trial court that they
did not receive proper notice of the trial setting, appellants presented their objection with
sufficient specificity so that the trial court should have been aware of appellants' complaint. 
See id. The County further argues that even though appellant did not receive proper notice
of the trial setting, they have not shown that they were harmed as a result of the denial of
their motion for continuance. However, this Court and others have previously held that a
trial court's failure to comply with the rules of notice in a contested case deprives a party
of the constitutional right to be present, to voice objections in an appropriate matter, and
results in a violation of due process. Blanco, 20 S.W.3d at 811; Platt v. Platt, 991 S.W.2d
481, 483 (Tex. App.-Tyler 1999, no pet.); see also Barbosa v. Hollis Rutledge & Assoc.
Inc., No. 13-05-485-CV, 2007 WL 1845583, at *1 (Tex. App.-Corpus Christi June 28,
2007, no pet.). The requirement has been construed as mandatory. Custom-Crete, Inc.,
82 S.W.3d at 659; Barbosa, 2007 WL 1845583, at *1. Accordingly, having concluded the
objection to inadequate notice was not waived, the trial court erred in denying appellants'
motion for continuance. We overrule appellants' first issue. In view of our disposition of
this issue, it is not necessary for us to address the second issue. See Tex. R. App. P. 47.1.

III. Conclusion

 The judgment of the trial court is reversed, and this cause is remanded for a new
trial.

 

 

 ROSE VELA

 Justice


Memorandum Opinion delivered and 

filed this 7th day of February, 2008.
1. We note that the appellate record contains the County's April 16, 2007 letter notifying Ramey of
the May trial setting and Ramey's April 18, 2007 letter complaining of lack of notice.