Opinion filed July 1, 2010

 

 

 

 

 

 

                                                                        In The

                                                                              

  Eleventh
Court of Appeals

                                                                 ____________

 

                                                           No. 11-08-00300-CV 

                                                    __________

 

                             JOSE LUIS GARRIGA ET AL, Appellants

 

                                                             V.

 

                   ACE
AMERICAN INSURANCE COMPANY, Appellee

 



 

                                        On
Appeal from the County Court at Law 

                                                        Midland
County, Texas

                                                Trial
Court Cause No. CC 13,008

 



 

                                                                  O
P I N I O N

 

This court=s
former opinion and judgment dated April 15, 2010, are withdrawn, and this court=s opinion and judgment
dated July 1, 2010, are substituted therefor.  Appellants= motion for rehearing is
this same day denied.








Ace American Insurance Company filed suit
against Jose Luis Garriga, Ramon Barragan, State Farm Mutual Automobile
Insurance Company, and Troy Scott Hickman for wrongful settlement.[1] 
The trial court granted Ace=s
motion for summary judgment and entered a modified judgment awarding Ace
$44,287.90, less a medical payment of $6,364.81, for a total of $37,923.09.[2] 
The judgment states that the parties are jointly and severally liable for the
award.  On December 30, 2009, this court issued an order abating the appeal in
order for the trial court to address Ace=s
negligence claim against State Farm and Hickman.  The trial court issued an
order on March 26, 2010, that severed the negligence claim from the claims for
wrongful settlement.  Garriga, Barragan, State Farm, and Hickman appeal from
the trial court=s
judgment granting Ace=s
motion for summary judgment.  We reverse.

On October 30, 2003, Barragan and Hickman
were involved in an automobile accident that injured Barragan.  State Farm
provided insurance coverage for Hickman.  The accident occurred within the
scope of Barragan=s
employment for Baker Atlas.  Ace was the workers=
compensation carrier for Baker Atlas, and  Ace initially denied Barragan=s workers= compensation claim. 
Barragan retained Garriga to pursue a third-party claim against Hickman;
however, Garriga did not represent Barragan on the workers= compensation claim.

Garriga began to negotiate a settlement with
State Farm on Barragan=s
behalf.  On August 12, 2004, Barragan signed a release of his third-party
claim against Hickman, and he received $12,600 as compensation.  From the
settlement, Garriga paid $6,364.81 in medical expenses and a health insurance
subrogation claim.  Garriga received $2,706.83 from the settlement in  attorney=s fees.

After administrative hearings, Ace accepted
Barragan=s workers= compensation claim and
paid benefits to Barragan beginning on August 6, 2004.  Ace sent a letter to
Garriga on November 16, 2004, reminding Garriga of Ace=s notice of subrogation
from May 7, 2004.  The letter also stated that Ace learned of the settlement
with State Farm and Hickman and that Ace Awill
assert a future credit against all medical and indemnity benefits pursuant to
Texas Labor Code ' 417.002(b).@  Ace continued to pay
benefits to Barragan while the parties exchanged correspondence regarding the
settlement.








Ace filed suit October 31, 2005, against
Garriga, Barragan, State Farm, and Hickman to recover the entire amount of the
workers= compensation
lien.  The trial court granted Ace=s
motion for summary judgment and ordered that the parties were jointly and
severally liable to Ace for the full amount of its workers= compensation lien, less
credit for medical expenses.  

When, as here, a party files a traditional
motion for summary judgement, the standard of review is well settled. 
Questions of law are reviewed de novo.  St. Paul Ins. Co. v. Tex. Dep=t of Transp., 999
S.W.2d 881, 884 (Tex. App.CAustin
1999, pet. denied).  To determine if a fact question exists, we must consider
whether reasonable and fair‑minded jurors could differ in their
conclusions in light of all the evidence presented.  Goodyear Tire &
Rubber Co. v. Mayes, 236 S.W.3d 754, 755 (Tex. 2007).  We must consider all
the evidence in the light most favorable to the nonmovant indulging all
reasonable inferences in favor of the nonmovant to determine whether the movant
proved that there were no genuine issues of material fact and that it was
entitled to judgment as a matter of law.   Nixon v. Mr. Prop. Mgmt. Co.,
690 S.W.2d 546, 548‑49 (Tex. 1985).

Garriga and Barragan raise  three issues on
appeal in their brief, and State Farm and Hickman assert four issues on appeal
in their brief.  They each bring an issue on appeal that the trial court erred
in awarding Ace damages in excess of the $12,600 settlement proceeds from State
Farm.  

The applicable workers= compensation statutes on
subrogation rights are set out in Tex.
Lab. Code Ann. '' 417.001-.002
(Vernon 2006).  Section 417.001 states:

(a) An employee or legal beneficiary may seek damages from a
third party who is or becomes liable to pay damages for an injury or death that
is compensable under this subtitle and may also pursue a claim for workers= compensation benefits
under this subtitle.

 

(b) If a benefit is claimed by an injured employee or a legal
beneficiary of the employee, the insurance carrier is subrogated to the rights
of the injured employee and may enforce the liability of the third party in the
name of the injured employee or the legal beneficiary.  The insurance carrier=s subrogation interest is
limited to the amount of the total benefits paid or assumed by the carrier to
the employee or the legal beneficiary, less the amount by which the court
reduces the judgment based on the percentage of responsibility determined by
the trier of fact under Section 33.003, Civil Practice and Remedies Code,
attributable to the employer.  If the recovery is for an amount greater than
the amount of the insurance carrier=s
subrogation interest, the insurance carrier shall:

 

(1) reimburse itself and pay the costs from the amount
recovered;  and

 








(2) pay the remainder of the amount recovered
to the injured employee or the legal beneficiary.

 

Section 417.002 further provides:

 

(a) The net amount recovered by a claimant in a third‑party
action shall be used to reimburse the insurance carrier for benefits, including
medical benefits, that have been paid for the compensable injury.

 

(b) Any amount recovered that exceeds the amount of the
reimbursement required under Subsection (a) shall be treated as an advance
against future benefits, including medical benefits, that the claimant is
entitled to receive under this subtitle.

 

(c) If the advance under Subsection (b) is adequate to cover
all future benefits, the insurance carrier is not required to resume the
payment of benefits.  If the advance is insufficient, the insurance carrier
shall resume the payment of benefits when the advance is exhausted.

 

Under the Workers= Compensation Act=s subrogation provision, Athe first money paid [to]
or recovered by the employee, or his representatives, belongs to the
compensation carrier paying the compensation, and until it is paid in full, the
employee, or his representatives, have no right to any funds.@  Argonaut Ins. Co. v.
Baker, 87 S.W.3d 526, 530 (Tex. 2002); Fort Worth Lloyds v. Haygood,
246 S.W.2d 865, 869 (Tex. 1952); see Tex. Mut. Ins. Co. v. Ledbetter,
251 S.W.3d 31, 35 (Tex. 2008).  Where an injured worker and a third‑party
tortfeasor settle without regard to a carrier=s
recoupment rights, the worker and the third‑party are jointly and
severally liable to the carrier for the wrongfully appropriated funds.  Capitol
Aggregates, Inc. v. Great Am. Ins. Co., 408 S.W.2d 922, 923-24 (Tex. 1966);
Fort Worth Lloyds, 246 S.W.2d at 870‑71; Traders & Gen.
Ins. Co. v. W. Tex. Utils. Co., 165 S.W.2d 713, 716 (Tex. 1942).  If the
injured employee=s
attorney accepts settlement funds in contravention of the carrier=s rights, the attorney is
also liable to the carrier.  Estrada v. Wausau Ins.Co., 985 S.W.2d 480,
483-84 (Tex. App.CSan
Antonio 1998, pet. denied).

It is clear that, when the settlement is
greater than the amount of benefits paid by the carrier, the remainder of the
settlement goes to the claimant or his representative.  Section 417.001(b); Tex.
Mut. Ins., 251 S.W.3d at 35-36.   We must determine whether the carrier is
entitled to recover the full amount of benefits paid when the settlement is
less than the amount of benefits paid by the carrier.








Garriga relies on New York Underwriters
Insurance Co. v. State Farm Mutual Automobile Insurance Co., 856 S.W.2d 194
(Tex. App.CDallas
1993, no writ), to support its argument that Ace was only entitled to recover
the amount of the settlement.  In New York Underwriters, two employees
were injured in the scope of their employment by a third party who was insured
by State Farm.  The employees both received benefits from the workers= compensation carrier,
Hartford, and they both received a settlement from State Farm.  State Farm made
a settlement offer to Hartford, but Hartford rejected the offer.  Hartford sued
State Farm and the injured employees.  State Farm acknowledged its liability up
to the settlement amount paid to the injured employees.  The court held that, A[i]f the carrier does not
pursue its subrogated claim against the third party tortfeasor and does not
collect damages from the third party tortfeasor, then the carrier may recover
only the amount of any settlement between the worker and the third party
tortfeasor.@  New
York Underwriters, 856 S.W.2d at 200.

In New York Underwriters, the court
distinguished Capitol Aggregates and stated that, Aif the carrier pursues the
injured worker=s claim
against the third party tortfeasor and recovers a judgment, the carrier may
also recover the damages found by the fact finder or the amount of the
settlement paid by the third party tortfeasor to the injured worker but not
both.@  New
York Underwriters, 856 S.W.2d at 200; see also Capitol Aggregates,
408 S.W.2d at 924.








In Estrada, the court stated that the
holding in New York Underwriters advances policies that are contrary to
the legislative purpose in adopting a statutory subrogation right in favor of
the carrier.  Estrada, 985 S.W.2d at 484.  The court further stated that
the holding impedes the retention of an attorney by an employee to pursue a
third-party claim because it compels the carrier to file a claim in every
instance against the third party to preserve its subrogation rights.  Id. 
The court in Estrada followed the holding in Capitol Aggregates,
which found that Athe
party entitled to the money is attempting to recover from one who wrongfully
received the same, and the latter will not be subjected to double liability.@  Id. (quoting Capitol
Aggregates, 408 S.W.2d at 924).  The court in Capitol Aggregates noted
that the subrogation provision was adopted to prevent the overcompensation to
the employee and to reduce the burden of insurance to the employer and to the
public.  Capitol Aggregates, 408 S.W.2d at 924.  These purposes will not
be accomplished if the employee is allowed to retain the proceeds of the
settlement in addition to his compensation benefits while the carrier is only
partially reimbursed.  Id.

In Estrada, the injured employee
hired Estrada to represent him in a claim against the third-party tortfeasor
for personal injuries.  The third-party tortfeasor was represented by Allstate,
and Wausau was the workers=
compensation carrier.  The injured employee and Estrada settled the claims
against the third-party tortfeasor for $20,000, and Allstate issued a check for
the settlement.  Wausau discovered the settlement had been made in
contravention of its subrogation rights.  Allstate then paid Wausau $20,000,
and Wausau released Allstate.  The court in Estrada noted that, had
Wausau  been required to sue Allstate, Estrada, and the injured employee, it
would only be entitled to recover $20,000 against the three defendants jointly
and severally.  Estrada, 985 S.W.2d at 485.  The Afirst money@
paid to the injured employee belonged to Wausau.  Therefore, Wausau was
entitled to recover that money and retain the settlement it received from
Allstate.  Had Allstate not paid the settlement to Wausau requiring Wausau to
include Allstate in its suit, Wausau would have been limited to the $20,000
wrongful settlement.

As applied to Garriga and Barragan, we agree
with Estrada and Capitol Aggregates that a party should not
benefit from wrongfully receiving a settlement in contravention of the carrier=s subrogation rights. 
However, we also agree with the statement in Estrada concerning the
limitation of the recovery to the settlement amount.  The carrier is entitled
to the first money paid to the employee or his representatives until the
carrier is paid in full.  Tex. Mut. Ins., 251 S.W.3d at 35.  The
employee and the third-party tortfeasor are jointly and severally liable for the
wrongfully appropriated funds.  Capitol Aggregates, 408 S.W.2d at 924. 
Our review of case law does not support the trial court=s finding that Ace is entitled to recover from
Garriga and Barragan the entire amount of the compensation benefits it paid.








In Home Indemnity Co. v. Pate, 866
S.W.2d. 277, 281 (Tex. App.CHouston
[1st Dist.] 1993, writ withdrawn), the court stated that, A[i]f a third-party
tortfeasor and its insurer wrongfully pay out to the employee money that
belongs to the compensation carrier, the third-party tortfeasor and its
insurance company are liable for the total amount paid by the carrier.@  The facts in Pate
are distinguishable from the facts before us, and the Pate court was not
called upon to answer whether the carrier was entitled to recover the full
amount of benefits paid when the settlement was less than the amount of
benefits paid by the carrier.  The cases cited in Pate do not support
the proposition that a carrier is entitled to full payment of benefits
regardless of the amount of settlement.

As applied to State Farm and Hickman, Ace
pursued its claim against the third-party tortfeasor and was not limited to the
amount of the settlement.  New York Underwriters, 856 S.W.2d at 200. 
Ace is entitled to recover the damages found by the factfinder or the amount of
the settlement paid by the third-party tortfeasor to the injured worker, but
not both.  New York Underwriters, 856 S.W.2d at 200; see also Capitol
Aggregates, 408 S.W.2d at 924.  The trial court severed Ace=s negligence claim. 
Therefore, on the record before this court, Ace is entitled to recover from
State Farm and Hickman the amount of the settlement.

We find that Ace was entitled to recover
$12,600.  The trial court erred in ordering the parties to pay the full amount
of benefits paid.  In its final judgment, the trial court awarded an offset of
$6,364.81 for medical expenses paid out of the $12,600 settlement.  Ace did not
challenge the medical offset in its motion for new trial or on appeal.  The
trial court was correct in awarding the offset of $6,364.81 for medical expenses,
and we find that the parties are entitled to offset Ace=s $12,600 recovery by that amount.  We sustain
Garriga and Barragan=s
first issue and State Farm and Hickman=s
third issue.

Because of our disposition of this issue, we
need not address Garriga and Barragan=s
second issue on appeal or Hickman and State Farm=s
fourth issue on appeal.  Tex. R. App. P.
47.1.

In their third issue on appeal, Garriga and
Barragan argue that the trial court erred in refusing to award them an offset
for Garriga=s attorney=s fees and costs.  Tex.  Lab. Code Ann. ' 417.003(a) (Vernon 2006)
states:

(a) An insurance carrier whose interest is not actively
represented by an attorney in a third‑party action shall pay a fee to an
attorney representing the claimant in the amount agreed on between the attorney
and the insurance carrier.  In the absence of an agreement, the court shall
award to the attorney payable out of the insurance carrier=s recovery:

 

(1) a reasonable fee for recovery of the insurance carrier=s interest that may not
exceed one‑third of the insurance carrier=s
recovery; and

 

(2) a proportionate share of expenses.

 

 








Ace is pursuing its claim against State Farm and Hickman, and
the trial court did not err in refusing to award attorney=s fees to Garriga.  We
overrule Garriga and Barragan=s
third issue on appeal.

In their first issue, State Farm and Hickman
contend that there is no proof of negligence.  State Farm and Hickman argue
that Athere is no legal
basis to support the trial court=s
judgment that State Farm and/or Hickman are jointly and severally liable to
ACE.@  The trial court
severed the negligence claims from this cause.  Therefore, we need not address
this issue.  Tex. R. App. P.
47.1.  State Farm and Hickman=s
first issue is, therefore, overruled at this time.

In their second issue, State Farm and
Hickman argue that there are no pleadings of wrongful settlement or
conversion.  Ace=s
pleadings state that the parties wrongfully settled in violation of Section
417.001 of the Texas Labor Code.  When no special exceptions are filed, courts
construe pleadings liberally in favor of the pleader.  Horizon/CMS
Healthcare Corp. v. Auld, 34 S.W.3d 887, 897 (Tex. 2000).  The pleadings
are sufficient to give fair notice of the claim.  Tex. R. Civ. P. 47(a).  State Farm and Hickman=s second issue on appeal is
overruled.

We reverse the judgment of the trial court
and render judgment that Ace recover $12,600, less an offset of $6,364.81, on
its claims for wrongful settlement.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

July 1, 2010

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.









[1]Ace also included an allegation of negligence against
State Farm and Hickman.





[2]The original judgment included a deduction from the
total award for Garriga=s attorney=s
fees.