**Opinion filed July 1, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00300-CV

_____

## JOSE LUIS GARRIGA ET AL, Appellants

## V.

## ACE AMERICAN INSURANCE COMPANY, Appellee

**On Appeal from the County Court at Law**
**Midland County, Texas**
**Trial Court Cause No. CC 13,008**

## O P I N I O N

This court's former opinion and judgment dated April 15, 2010, are withdrawn, and this court's opinion and judgment dated July 1, 2010, are substituted therefor. Appellants' motion for rehearing is this same day denied.

Ace American Insurance Company filed suit against Jose Luis Garriga, Ramon Barragan, State Farm Mutual Automobile Insurance Company, and Troy Scott Hickman for wrongful settlement.[1] The trial court granted Ace's motion for summary judgment and entered a modified

_____

[1]Ace also included an allegation of negligence against State Farm and Hickman.

judgment awarding Ace $44,287.90, less a medical payment of $6,364.81, for a total of $37,923.09.[2] The judgment states that the parties are jointly and severally liable for the award. On December 30, 2009, this court issued an order abating the appeal in order for the trial court to address Ace's negligence claim against State Farm and Hickman. The trial court issued an order on March 26, 2010, that severed the negligence claim from the claims for wrongful settlement. Garriga, Barragan, State Farm, and Hickman appeal from the trial court's judgment granting Ace's motion for summary judgment. We reverse.

On October 30, 2003, Barragan and Hickman were involved in an automobile accident that injured Barragan. State Farm provided insurance coverage for Hickman. The accident occurred within the scope of Barragan's employment for Baker Atlas. Ace was the workers' compensation carrier for Baker Atlas, and Ace initially denied Barragan's workers' compensation claim. Barragan retained Garriga to pursue a third-party claim against Hickman; however, Garriga did not represent Barragan on the workers' compensation claim.

Garriga began to negotiate a settlement with State Farm on Barragan's behalf. On August 12, 2004, Barragan signed a release of his third-party claim against Hickman, and he received $12,600 as compensation. From the settlement, Garriga paid $6,364.81 in medical expenses and a health insurance subrogation claim. Garriga received $2,706.83 from the settlement in attorney's fees.

After administrative hearings, Ace accepted Barragan's workers' compensation claim and paid benefits to Barragan beginning on August 6, 2004. Ace sent a letter to Garriga on November 16, 2004, reminding Garriga of Ace's notice of subrogation from May 7, 2004. The letter also stated that Ace learned of the settlement with State Farm and Hickman and that Ace "will assert a future credit against all medical and indemnity benefits pursuant to Texas Labor Code § 417.002(b)." Ace continued to pay benefits to Barragan while the parties exchanged correspondence regarding the settlement.

Ace filed suit October 31, 2005, against Garriga, Barragan, State Farm, and Hickman to recover the entire amount of the workers' compensation lien. The trial court granted Ace's motion

---

[2]The original judgment included a deduction from the total award for Garriga's attorney's fees.

for summary judgment and ordered that the parties were jointly and severally liable to Ace for the full amount of its workers' compensation lien, less credit for medical expenses.

When, as here, a party files a traditional motion for summary judgement, the standard of review is well settled. Questions of law are reviewed de novo. *St. Paul Ins. Co. v. Tex. Dep't of Transp.*, 999 S.W.2d 881, 884 (Tex. App.—Austin 1999, pet. denied). To determine if a fact question exists, we must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all the evidence presented. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). We must consider all the evidence in the light most favorable to the nonmovant indulging all reasonable inferences in favor of the nonmovant to determine whether the movant proved that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

Garriga and Barragan raise three issues on appeal in their brief, and State Farm and Hickman assert four issues on appeal in their brief. They each bring an issue on appeal that the trial court erred in awarding Ace damages in excess of the $12,600 settlement proceeds from State Farm.

The applicable workers' compensation statutes on subrogation rights are set out in TEX. LAB. CODE ANN. §§ 417.001-.002 (Vernon 2006). Section 417.001 states:

> (a) An employee or legal beneficiary may seek damages from a third party who is or becomes liable to pay damages for an injury or death that is compensable under this subtitle and may also pursue a claim for workers' compensation benefits under this subtitle.

> (b) If a benefit is claimed by an injured employee or a legal beneficiary of the employee, the insurance carrier is subrogated to the rights of the injured employee and may enforce the liability of the third party in the name of the injured employee or the legal beneficiary. The insurance carrier's subrogation interest is limited to the amount of the total benefits paid or assumed by the carrier to the employee or the legal beneficiary, less the amount by which the court reduces the judgment based on the percentage of responsibility determined by the trier of fact under Section 33.003, Civil Practice and Remedies Code, attributable to the employer. If the recovery is for an amount greater than the amount of the insurance carrier's subrogation interest, the insurance carrier shall:

>> (1) reimburse itself and pay the costs from the amount recovered; and

(2) pay the remainder of the amount recovered to the injured employee or the legal beneficiary.

Section 417.002 further provides:

(a) The net amount recovered by a claimant in a third-party action shall be used to reimburse the insurance carrier for benefits, including medical benefits, that have been paid for the compensable injury.

(b) Any amount recovered that exceeds the amount of the reimbursement required under Subsection (a) shall be treated as an advance against future benefits, including medical benefits, that the claimant is entitled to receive under this subtitle.

(c) If the advance under Subsection (b) is adequate to cover all future benefits, the insurance carrier is not required to resume the payment of benefits. If the advance is insufficient, the insurance carrier shall resume the payment of benefits when the advance is exhausted.

Under the Workers' Compensation Act's subrogation provision, "the first money paid [to] or recovered by the employee, or his representatives, belongs to the compensation carrier paying the compensation, and until it is paid in full, the employee, or his representatives, have no right to any funds." *Argonaut Ins. Co. v. Baker*, 87 S.W.3d 526, 530 (Tex. 2002); *Fort Worth Lloyds v. Haygood*, 246 S.W.2d 865, 869 (Tex. 1952); *see Tex. Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 35 (Tex. 2008). Where an injured worker and a third-party tortfeasor settle without regard to a carrier's recoupment rights, the worker and the third-party are jointly and severally liable to the carrier for the wrongfully appropriated funds. *Capitol Aggregates, Inc. v. Great Am. Ins. Co.*, 408 S.W.2d 922, 923-24 (Tex. 1966); *Fort Worth Lloyds*, 246 S.W.2d at 870-71; *Traders & Gen. Ins. Co. v. W. Tex. Utils. Co.*, 165 S.W.2d 713, 716 (Tex. 1942). If the injured employee's attorney accepts settlement funds in contravention of the carrier's rights, the attorney is also liable to the carrier. *Estrada v. Wausau Ins.Co.*, 985 S.W.2d 480, 483-84 (Tex. App.—San Antonio 1998, pet. denied).

It is clear that, when the settlement is greater than the amount of benefits paid by the carrier, the remainder of the settlement goes to the claimant or his representative. Section 417.001(b); *Tex. Mut. Ins.*, 251 S.W.3d at 35-36. We must determine whether the carrier is entitled to recover the full amount of benefits paid when the settlement is less than the amount of benefits paid by the carrier.

4

Garriga relies on *New York Underwriters Insurance Co. v. State Farm Mutual Automobile Insurance Co.*, 856 S.W.2d 194 (Tex. App.—Dallas 1993, no writ), to support its argument that Ace was only entitled to recover the amount of the settlement. In *New York Underwriters*, two employees were injured in the scope of their employment by a third party who was insured by State Farm. The employees both received benefits from the workers' compensation carrier, Hartford, and they both received a settlement from State Farm. State Farm made a settlement offer to Hartford, but Hartford rejected the offer. Hartford sued State Farm and the injured employees. State Farm acknowledged its liability up to the settlement amount paid to the injured employees. The court held that, "[i]f the carrier does not pursue its subrogated claim against the third party tortfeasor and does not collect damages from the third party tortfeasor, then the carrier may recover only the amount of any settlement between the worker and the third party tortfeasor." *New York Underwriters*, 856 S.W.2d at 200.

In *New York Underwriters*, the court distinguished *Capitol Aggregates* and stated that, "if the carrier pursues the injured worker's claim against the third party tortfeasor and recovers a judgment, the carrier may also recover the damages found by the fact finder *or* the amount of the settlement paid by the third party tortfeasor to the injured worker *but not both*." *New York Underwriters*, 856 S.W.2d at 200; *see also Capitol Aggregates*, 408 S.W.2d at 924.

In *Estrada*, the court stated that the holding in *New York Underwriters* advances policies that are contrary to the legislative purpose in adopting a statutory subrogation right in favor of the carrier. *Estrada*, 985 S.W.2d at 484. The court further stated that the holding impedes the retention of an attorney by an employee to pursue a third-party claim because it compels the carrier to file a claim in every instance against the third party to preserve its subrogation rights. *Id.* The court in *Estrada* followed the holding in *Capitol Aggregates*, which found that "the party entitled to the money is attempting to recover from one who wrongfully received the same, and the latter will not be subjected to double liability." *Id.* (quoting *Capitol Aggregates*, 408 S.W.2d at 924). The court in *Capitol Aggregates* noted that the subrogation provision was adopted to prevent the overcompensation to the employee and to reduce the burden of insurance to the employer and to the public. *Capitol Aggregates*, 408 S.W.2d at 924. These purposes will not be accomplished if the

employee is allowed to retain the proceeds of the settlement in addition to his compensation benefits while the carrier is only partially reimbursed. *Id.*

In *Estrada*, the injured employee hired Estrada to represent him in a claim against the third-party tortfeasor for personal injuries. The third-party tortfeasor was represented by Allstate, and Wausau was the workers' compensation carrier. The injured employee and Estrada settled the claims against the third-party tortfeasor for $20,000, and Allstate issued a check for the settlement. Wausau discovered the settlement had been made in contravention of its subrogation rights. Allstate then paid Wausau $20,000, and Wausau released Allstate. The court in *Estrada* noted that, had Wausau been required to sue Allstate, Estrada, and the injured employee, it would only be entitled to recover $20,000 against the three defendants jointly and severally. *Estrada*, 985 S.W.2d at 485. The "first money" paid to the injured employee belonged to Wausau. Therefore, Wausau was entitled to recover that money and retain the settlement it received from Allstate. Had Allstate not paid the settlement to Wausau requiring Wausau to include Allstate in its suit, Wausau would have been limited to the $20,000 wrongful settlement.

As applied to Garriga and Barragan, we agree with *Estrada* and *Capitol Aggregates* that a party should not benefit from wrongfully receiving a settlement in contravention of the carrier's subrogation rights. However, we also agree with the statement in *Estrada* concerning the limitation of the recovery to the settlement amount. The carrier is entitled to the first money paid to the employee or his representatives until the carrier is paid in full. *Tex. Mut. Ins.*, 251 S.W.3d at 35. The employee and the third-party tortfeasor are jointly and severally liable for the wrongfully appropriated funds. *Capitol Aggregates*, 408 S.W.2d at 924. Our review of case law does not support the trial court's finding that Ace is entitled to recover from Garriga and Barragan the entire amount of the compensation benefits it paid.

In *Home Indemnity Co. v. Pate*, 866 S.W.2d. 277, 281 (Tex. App.—Houston [1st Dist.] 1993, writ withdrawn), the court stated that, "[i]f a third-party tortfeasor and its insurer wrongfully pay out to the employee money that belongs to the compensation carrier, the third-party tortfeasor and its insurance company are liable for the total amount paid by the carrier." The facts in *Pate* are distinguishable from the facts before us, and the *Pate* court was not called upon to answer whether the carrier was entitled to recover the full amount of benefits paid when the settlement was less than

6

the amount of benefits paid by the carrier. The cases cited in *Pate* do not support the proposition that a carrier is entitled to full payment of benefits regardless of the amount of settlement.

As applied to State Farm and Hickman, Ace pursued its claim against the third-party tortfeasor and was not limited to the amount of the settlement. *New York Underwriters*, 856 S.W.2d at 200. Ace is entitled to recover the damages found by the factfinder or the amount of the settlement paid by the third-party tortfeasor to the injured worker, but not both. *New York Underwriters*, 856 S.W.2d at 200; *see also Capitol Aggregates*, 408 S.W.2d at 924. The trial court severed Ace's negligence claim. Therefore, on the record before this court, Ace is entitled to recover from State Farm and Hickman the amount of the settlement.

We find that Ace was entitled to recover $12,600. The trial court erred in ordering the parties to pay the full amount of benefits paid. In its final judgment, the trial court awarded an offset of $6,364.81 for medical expenses paid out of the $12,600 settlement. Ace did not challenge the medical offset in its motion for new trial or on appeal. The trial court was correct in awarding the offset of $6,364.81 for medical expenses, and we find that the parties are entitled to offset Ace's $12,600 recovery by that amount. We sustain Garriga and Barragan's first issue and State Farm and Hickman's third issue.

Because of our disposition of this issue, we need not address Garriga and Barragan's second issue on appeal or Hickman and State Farm's fourth issue on appeal. TEX. R. APP. P. 47.1.

In their third issue on appeal, Garriga and Barragan argue that the trial court erred in refusing to award them an offset for Garriga's attorney's fees and costs. TEX. LAB. CODE ANN. § 417.003(a) (Vernon 2006) states:

> (a) An insurance carrier whose interest is not actively represented by an attorney in a third-party action shall pay a fee to an attorney representing the claimant in the amount agreed on between the attorney and the insurance carrier. In the absence of an agreement, the court shall award to the attorney payable out of the insurance carrier's recovery:
>
> > (1) a reasonable fee for recovery of the insurance carrier's interest that may not exceed one-third of the insurance carrier's recovery; and
>
> > (2) a proportionate share of expenses.

Ace is pursuing its claim against State Farm and Hickman, and the trial court did not err in refusing to award attorney's fees to Garriga. We overrule Garriga and Barragan's third issue on appeal.

In their first issue, State Farm and Hickman contend that there is no proof of negligence. State Farm and Hickman argue that "there is no legal basis to support the trial court's judgment that State Farm and/or Hickman are jointly and severally liable to ACE." The trial court severed the negligence claims from this cause. Therefore, we need not address this issue. TEX. R. APP. P. 47.1. State Farm and Hickman's first issue is, therefore, overruled at this time.

In their second issue, State Farm and Hickman argue that there are no pleadings of wrongful settlement or conversion. Ace's pleadings state that the parties wrongfully settled in violation of Section 417.001 of the Texas Labor Code. When no special exceptions are filed, courts construe pleadings liberally in favor of the pleader. *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000). The pleadings are sufficient to give fair notice of the claim. TEX. R. CIV. P. 47(a). State Farm and Hickman's second issue on appeal is overruled.

We reverse the judgment of the trial court and render judgment that Ace recover $12,600, less an offset of $6,364.81, on its claims for wrongful settlement.


JIM R. WRIGHT
CHIEF JUSTICE


July 1, 2010

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.